Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Debtor

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **MASTER TECH SERVICE CORP.,** | § | **CASE NO. 21-42102-elm11** |
| | § | **Chapter 11** |
| Debtor. | § | |

## DEBTOR'S PLAN OF REORGANIZATION
## UNDER SUBCHAPTER V OF CHAPTER 11

Dated: November 30, 2021

## TABLE OF CONTENTS

Article I.          INTRODUCTION ................................................................................................4

Article II.         DEFINITIONS ...................................................................................................4

Article III.        VOTING ON THE PLAN AND OBJECTIONS ...........................................7

Article IV.        BACKGROUND................................................................................................8
    4.1     Background of the Debtor and Events Leading to Bankruptcy ...........................8
    4.2     Significant Events Since the Petition Date..........................................................8
    4.3     Assets of the Debtor ............................................................................................9
    4.4     Liabilities of the Debtor ......................................................................................9
    4.5     Tax Consequences of the Plan ..........................................................................10

Article V.          LIQUIDATION ANALYSIS ..........................................................................11

Article VI.        PLAN OF REORGANIZATION....................................................................12
    6.1     Treatment of Unclassified Claims, Administrative Expense Claims, Priority
        Claims, and U.S. Trustee Fees.........................................................................12
    6.2     Classification of Claims and Interests...............................................................14
    6.3     Claims and Interests Impaired Under the Plan..................................................14
    6.4     Treatment of Classified Claims and Interests Under the Plan ..........................14
    6.5     Implementation of the Plan ...............................................................................16
    6.6     Feasibility of the Plan........................................................................................16
    6.7     Provisions Regarding Distributions and Objections to Claims..........................17
    6.8     Executory Contracts ..........................................................................................18

Article VII.       RESERVATION OF CLAIMS........................................................................19
    7.1     Reservation of Claims and Causes of Action....................................................19
    7.2     Return of Fraudulent Transfers .........................................................................20

Article VIII.      EFFECT OF CONFIRMATION, DISCHARGE, RELEASES
        AND INJUNCTION .........................................................................................20
    8.1     Vesting of Property ...........................................................................................20
    8.2     Plan Creates New Obligations...........................................................................20
    8.3     Legal Binding Effect .........................................................................................20
    8.4     Discharge............................................................................................................20
    8.5     Satisfaction of Claims and Interests .................................................................21
    8.6     Temporary Injunction........................................................................................21
    8.7     Modification of the Plan ....................................................................................21
    8.8     Retention of Jurisdiction ...................................................................................21

Article IX.        MISCELLANEOUS PROVISIONS ..............................................................22
    9.1     Request for Relief Under Bankruptcy Code § 1129(b)......................................22
    9.2     Headings.............................................................................................................23
    9.3     Due Authorization ..............................................................................................23

| 9.4 | Further Assurances and Authorizations | 23 |
| 9.5 | Applicable Law | 23 |
| 9.6 | No Interest | 23 |
| 9.7 | Post-Confirmation Actions | 23 |
| 9.8 | Notices of Default | 23 |
| 9.9 | Notices | 24 |
| 9.10 | Payment Dates | 24 |
| 9.11 | De Minimis Distribution | 24 |

EXHIBITS:

Exhibit 1 – Monthly Operating Reports
Exhibit 2 – Schedules
Exhibit 3 – Projections

## ARTICLE I.  INTRODUCTION

This Plan of Reorganization Under Subchapter V of Chapter 11 (the "Plan") is proposed by Master Tech Service Corporation, the debtor in this Bankruptcy Case (the "Debtor"). On September 1, 2021, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division. This Plan is provided pursuant to the Bankruptcy Code to all the Debtor's known creditors, equity interest holders and other parties in interest. This *Debtor's Plan of Reorganization Under Subchapter V of Chapter 11* is provided pursuant to the Bankruptcy Code to all the Debtor' known creditors and other parties in interest. Under the Plan the Debtor will pay Allowed Secured Creditors in full and will pay Unsecured Creditors25% on their Allowed Claims. The details of the Plan are set out in Article VI of this document.

The Office of the United States Trustee appointed Brad Odell to serve as the Subchapter V Trustee in this Case (the "Trustee").  The Trustee is responsible for monitoring the Case and ensuring the Debtor' compliance with the applicable provisions of the U.S. Bankruptcy Code.

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THIS PLAN CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

## ARTICLE II.  DEFINITIONS

Except as expressly provided herein or unless the context otherwise requires, the terms set forth in this Article II shall have the following meanings when used in initially capitalized form in this Plan. Any term used in initially capitalized form that is not defined herein, but that is defined in the Bankruptcy Code, shall have the meaning assigned to such term in the Bankruptcy Code. Such meanings shall be equally applicable to both the singular and plural forms of such terms.

2.1    "**Administrative Expense Claim**" means an administrative expense or claim described in Bankruptcy Code § 503 and entitled to administrative priority pursuant to Bankruptcy Code § 507(a)(1), including, but not limited to, Fee Claims.

2.2    "**Allowed Amount**" means the amount of any Allowed Claim.

2.3    "**Allowed Claim**" means a Claim against the Debtor allowable under the Bankruptcy Code to the extent that: (i) a Proof of Claim or request for payment was timely filed, or, with leave of the Bankruptcy Court, late filed, and as to which no objection has been timely filed with the Bankruptcy Court, or, if filed, is allowed by a Final Order, unless otherwise provided in this Plan; (ii) the Claim is scheduled and not listed as disputed, contingent, or unliquidated, and no objection has been timely filed or, if filed, is allowed by a Final Order; or (iii) with respect to an Administrative Expense Claim or Fee Claim, the Administrative Expense Claim or Fee Claim has been approved by a Final Order upon notice and application to the Bankruptcy Court.

2.4    "**Assets**" means property of the Estate.

2.5    "**Avoidance Actions**" means any and all rights, claims, and causes of action which a trustee, Debtor, or other appropriate party in interest would be able to assert on behalf of the Estate under applicable state statutes or the avoidance provisions of chapter 5 of the Bankruptcy Code, including actions under one or more of the provisions of Bankruptcy Code §§ 506, 542-551, and 553.

2.6    "**Bankruptcy Case**" or "**Case**" means bankruptcy case: Case No. 21-42102 in the name of Master Tech Service Corp., pending before the Bankruptcy Court.

2.7    "**Bankruptcy Code**" or "**Code**" means the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, as amended.

2.8    "**Bankruptcy Court**" or "**Court**" means the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, or other such court that may have jurisdiction with respect to the reorganization of the Debtor pursuant to Chapter 11 of the Bankruptcy Code.

2.9    "**Bankruptcy Rules**" means the Federal Rules of Bankruptcy Procedure, as amended, and "**Bankruptcy Rule**" refers to a specific rule therein.

2.10    "**Bar Date**" means November 10, 2021, the deadline established by the Bankruptcy Court pursuant to Bankruptcy Rule 3003(c)(3), after which any Proof of Claim may not be timely filed, except Claims held by governmental agencies.

2.11    "**Business Day**" shall mean any day that is not a Saturday, Sunday, or one of the legal holidays listed in Bankruptcy Rule 9006(a).

2.12    "**Claim**" shall have the meaning set forth in Bankruptcy Code § 101(5).

2.13    "**Claimant**" or "**Creditor**" means the holder of a Claim or interest in the Assets.

2.14    "**Class**" means any class into which Claims are classified pursuant to Article VI of the Plan. Each subclass of a class shall be treated as a separate class.

2.15    "**Collateral**" means any Assets of the Debtor subject to a valid Lien held by a Secured Creditor.

2.16    "**Confirmation**" means the Bankruptcy Court's entry of the Confirmation Order.

2.17    "**Confirmation Date**" means the date on which the Order confirming this Plan is entered.

2.18    "**Confirmation Hearing**" means the hearing or hearings held before the Bankruptcy Court in which the Debtor will seek Confirmation of this Plan.

2.19    "**Confirmation Order**" means the Order confirming this Plan.

2.20    "**Contested**" when used with respect to a Claim, means a Claim against the Debtor: (i) that is listed in the Debtor's Schedules of Assets and Liabilities as disputed, contingent,

or unliquidated; (ii) that is listed in the Debtor's Schedules of Assets and Liabilities as undisputed, liquidated, and not contingent and as to which a Proof of Claim has been filed with the Bankruptcy Court, to the extent the Proof of Claim amount exceeds the scheduled amount; (iii) that is the subject of a pending action in a forum other than the Bankruptcy Court unless such Claim has been determined by Final Order in such other forum and Allowed by Final Order of the Bankruptcy Court; or (iv) as to which an objection has been or may be timely filed and has not been denied by Final Order. To the extent an objection relates to the allowance of only a part of a Claim, such Claim shall be a Contested Claim only to the extent of the objection.

2.21    "**Debtor**" means Master Tech Service Corp., the Debtor herein. Where the context so requires, "**Debtor**" shall also include the Reorganized Debtor.

2.22    "**Disputed**" with respect to a Claim means either: (i) a Claim which has been objected to by the Debtor; or (ii) a Claim that is listed on the Debtor's bankruptcy schedules as "disputed, contingent or unliquidated" and for which such Creditor or Interest holder has not filed a Proof of Claim.

2.23    "**Effective Date**" means the thirtieth (30th) day after the Confirmation Date.

2.24    "**Estate**" means the bankruptcy estate of the Debtor in this Case.

2.25    "**Fee Claim**" means a Claim under Bankruptcy Code §§ 330 or 503 for allowance of compensation and reimbursement of expenses to professionals in this Bankruptcy Case.

2.26    "**Fee Application**" means an application filed with the Bankruptcy Court for allowance of a Fee Claim.

2.27    "**Final Order**" means an Order as to which any appeal that has been taken has not been stayed following the expiration of the time for appeal or has been resolved, or as to which the time for appeal has expired.

2.28    "**Impaired**" means the treatment of an Allowed Claim or Interest pursuant to the Plan unless, with respect to such Claim or Interest, either: (i) the Plan leaves unaltered the legal, equitable and contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest; (ii) notwithstanding any contractual provision or applicable law that entitles the holder of such Claim or Interest to demand or receive accelerated payment of such Claim or Interest after occurrence of a default, the Debtor (A) cures any default that occurred before or after the commencement of the Chapter 11 Case on the Petition Date, other than default of the kind specified in § 365(b)(2) of the Bankruptcy Code; (B) reinstates the maturity of such Claim or Interest as such maturity existed before such default; (C) compensates the holder of such Claim or Interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and (D) does not otherwise alter the legal, equitable or contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest; or (iii) the Plan provides that on the Effective Date, the holder of such Claim or Interest receives, on account of such Claim or Interest, cash equal to the Allowed Amount of such Claim or Interest.

2.29    "**Insider**" has the meaning provided by § 101(31) of the Bankruptcy Code.

**2.30** "**Interest**" means any equity or ownership interest in the Debtor.

**2.31** "**Lien**" means any charge against or interest in property to secure payment of debt or performance of an obligation and includes a judicial lien, security interest, and deed of trust, mortgage and property tax lien.

**2.32** "**Order**" means an Order of the Bankruptcy Court.

**2.33** "**Petition Date**" means September 1, 2021, the date on which an Order for Relief on the involuntary petition against the Debtor was entered by the Court.

**2.34** "**Plan**" means this *Plan of Reorganization Under Subchapter V of Chapter 11*, including any amendments, modifications or corrections made thereto pursuant to the Bankruptcy Code.

**2.35** "**Priority Tax Claim**" means a Claim entitled to priority pursuant to Bankruptcy Code § 507(a)(8).

**2.36** "**Priority Wage Claim**" means a Claim entitled to priority pursuant to Bankruptcy Code § 507(a)(4)(A).

**2.37** "**Proof of Claim**" means a written statement setting forth a Creditor's Claim filed in this Case and conforming substantially to the appropriate official form.

**2.38** "**Schedules and Statements**" means and refers to each of the Debtor' bankruptcy schedules A/B, D-H and Statement of Financial Affairs.

**2.39** "**Secured Claim**" means a Claim that is secured within the meaning of Bankruptcy Code § 506(a). Should the value of the collateral securing a Secured Claim be less than the amount of the Claim, the Claim will be bifurcated into a Secured Claim equal to the value of the collateral and an Unsecured Claim for the remainder.

**2.40** "**Unsecured Claim**" means any Claim that is not a Secured Claim or an Administrative Expense Claim and that is not entitled to priority treatment under Bankruptcy Code § 507.

## ARTICLE III.  VOTING ON THE PLAN AND OBJECTIONS

### 3.1 <u>Who May Vote</u>

You are entitled to vote on the Plan unless:

    (1)    your Claim or Interest is Disputed (as defined herein);

    (2)    your Class receives no distribution (presumed to reject the Plan);

    (3)    your Class is "unimpaired" (presumed to accept the Plan – *See* Article VI to see if your Class is Impaired or unimpaired); or

(4)     your Claim is unclassified (and thus required by law to be paid in full).

If your Claim or Interest is Disputed, then you must file a motion and have it allowed for voting purposes (you must do that soon so that your motion can be heard before votes are counted. *See* Bankruptcy Rule 3018(a)).

## 3.2     How to Vote

Fill out and return the attached ballot (if you are entitled to vote) **by the deadline** and according to the other instructions in the enclosed order regarding voting and procedures.

## 3.3     Effect of Vote

After a plan of reorganization has been filed, it must either be accepted by holders of claims against, or interests in, the debtor, or be found by the Court not to discriminate unfairly and that it is fair and equitable with respect to each class of claims or interests that is impaired under the plan or that has not accepted the plan.

Acceptance of the plan by the Creditors and Equity Interest Holders is important. In order for the plan to be accepted by each class of claims, the creditors that hold at least two thirds (2/3) in amount and more than one-half (½) in number of the allowed claims actually voting on the plan in such class must vote for the plan and the equity interest holders that hold at least two-thirds (2/3) in amount of the allowed interests actually voting on the plan in such class must vote for the plan. A Subchapter V Chapter 11 does not require that each holder of a claim against, or interest in, the debtor vote in favor of the plan in order for it to be confirmed by the Court.

## 3.4     Who May Object

Even if you are not entitled to vote, you may object to Confirmation of the Plan if you believe that the requirements for Confirmation are not met (and if you are a party in interest in this bankruptcy case). For the deadlines and procedures to object, see the enclosed order.

## ARTICLE IV.  BACKGROUND

## 4.1     Background of the Debtor and Events Leading to Bankruptcy

The Debtor is a full-service mechanical contractor offering residential and commercial air conditioning and heating unit installation and repair and full plumbing repairs and services located in Dallas, Texas. The Debtor's revenue has declined during the COVID-19 pandemic, which led to the Debtor's inability to fully service its debt and ultimately the filing of this Case. The Debtor is also experiencing issues with supply chain problems since the vast majority of the parts it uses come from outside the United States.  The Debtor did not have an extensive inventory of parts when it filed this case.

## 4.2     Significant Events Since the Petition Date

a.     On September 7, 2021, the Court entered an order allowing the Debtor to pay its pre-Petition Date employee payroll.

  **b.**  On September 23, 2021, the Court entered an order allowing the Debtor to use the cash collateral of Home Trust Bank.

  **c.**  On September 23, 2021, the Debtor filed an application to retain Joyce W. Lindauer Attorney, PLLC as general bankruptcy counsel.

  **d.**  The Debtor has filed monthly operating reports, copies of which are attached as **Exhibit 1**.

**4.3**  <u>Assets of the Debtor</u>

The Debtor scheduled the following Assets owned as of the Petition Date:

| | |
|---|---|
| Cash | $699,198.95 |
| Deposits and pre-payments | $18,814.79 |
| Accounts receivable | $61,677.99 |
| Inventory | $15,000.00 |
| Office furniture and equipment | $31,000.00 |
| Service vehicles and equipment | $432,804.56 |
| Goodwill | $ No Value |
| | |
| Total Assets | $1,258,496.29 |

 The Assets are listed in detail on the Debtor's Schedule A/B, a copy which is attached hereto as **Exhibit "2"**. The Debtor has assigned no value to its goodwill at this time due to the bankruptcy filing.

**4.4**  <u>Liabilities of the Debtor</u>

 According to the Debtor's Schedules its liabilities (excluding Administrative Expense Claims) totaled $3,631,048.71 as of the Petition Date.

The Debtor' liabilities are further described as follows:

 **a.**  **Administrative Expense Claims.**

 The Estate will be liable for certain Administrative Expense Claims pursuant to Bankruptcy Code §503(b) through the Confirmation Date, including Fee Claims of the Subchapter V Trustee and Joyce W. Lindauer Attorney, PLLC as the Debtor's bankruptcy counsel. Before the Debtor pays any Fee Claims, the Bankruptcy Court will have determined the reasonableness of such fees and expenses.

 **b.**  **Priority Claims**

 The Debtor scheduled the Texas Comptroller with a Priority Claim of $17,000.00.

c.     **Secured Claims.**

Carrolton-Farmers Branch ISD filed a Secured Proof of Claim for $910.91.

Dallas County filed a Secured Proof of Claim for $811.04.

Wells Fargo Bank, N.A. filed a Secured Proof of Claim for $14,209.96.

Chrysler Capital filed three Secured Proofs of Claim for $22,665.84, $22,650.42 and $23,501.72.

The Debtor scheduled Ally Bank with two Secured Claims for $14,912.62 and $36,700.29.

The Debtor scheduled Home Trust Bank with two Secured Claims for $2,016,305.35 and $349,979.46.

d.     **General Unsecured Claims.**

Ferguson Enterprises, LLC filed an Unsecured Proof of Claim for $65,486.59.

The Debtor scheduled other Unsecured Claims in the total amount of $1,048,540.40.

### 4.5     Tax Consequences of the Plan

a.     **Disclaimer.** The Debtor does not purport to provide tax advice to the holders of Claims. The following is intended only as a summary of possible federal income tax consequences of the Plan and is not a substitute for careful tax planning with a tax professional. The following is for information purposes only and is NOT tax advice. The tax consequences are in many cases uncertain and may vary depending on a holder's individual circumstances. Accordingly, holders of Claims are urged to consult with their tax advisors about the federal, state, local, and foreign tax consequences of the Plan on their tax returns and tax liabilities.

b.     **Tax Consequences.** Implementation of the Plan may result in federal income tax consequences to holders of Claims or Interests and the Debtor. Tax consequences to a particular Claim or Interest holder may depend on the particular circumstances or facts regarding the Claim or Interest. IRS Publication 908, entitled "Bankruptcy Tax Guide" provides valuable information regarding the federal income tax aspects of bankruptcy. The "Bankruptcy Tax Guide" is available directly from the IRS online at http://www.irs.gov/pub/irs-pdf/p908.pdf.

c.     **Cancellation of Debt.** Cancellation of the Debtor's debt ("**COD**") is generally considered as taxable income of the Debtor. COD is the amount by which the indebtedness discharged exceeds any consideration given in exchange. However, there are exceptions which prevent COD from being treated as taxable income. To the extent the Debtor is insolvent or the Debtor is discharged in a bankruptcy proceeding, as is the case at bar, the Internal Revenue Code excludes COD from income. The statutory exclusion for

COD from the Debtor's gross income in a Chapter 11 bankruptcy case arises where a discharge is granted by the Court as is requested in the Plan.

   **d.**  **Holders of Allowed Claims.** The tax consequences associated with distributions under the Plan to the holders of an Allowed Claim will depend on, among other things: (i) the consideration received or deemed to have been received by the holder of any such Claim; (ii) whether the Allowed Claim holder reports income on an accrual or cash basis; (iii) the taxable year in which any distributions under the Plan are received by the Allowed Claim holder; (iv) whether the Claim was Allowed or Contested/Disputed as of the Effective Date; and (v) whether such Allowed Claim holder had previously written the obligation off as bad debt. ALLOWED CLAIM HOLDERS ARE URGED TO CONSULT WITH THEIR TAX ADVISORS ABOUT THE FEDERAL, STATE, LOCAL. AND FOREIGN TAX CONSEQUENCES OF THE PLAN.

## ARTICLE V. CHAPTER 7 LIQUIDATION ANALYSIS

   Section 1129(a)(7) of the Bankruptcy Code requires that a Chapter 11 plan of reorganization must provide at least as much value to each Impaired Creditor as could be realized in a liquidation under Chapter 7 of the Bankruptcy Code.

   In determining whether the requirements of Section 1129(a)(7) of the Bankruptcy Code have been met, the first step is to determine the dollar amount that would be generated from a hypothetical liquidation of the Debtor's assets in Chapter 7. Such amounts must then be reduced by the costs and expenses of the liquidation. Further reductions would be required to eliminate cash and asset liquidation proceeds that would be applied to Secured Claims and amounts necessary to satisfy Priority Claims that are senior to general Unsecured Claims (and Administrative Expense Claims that may result from the termination of the Debtor's business and the liquidation of its assets).

**Liquidation Analysis**

   Non-cash assets (inventory, furniture, vehicles and equipment) are listed with an estimated liquidation value of 80% of market value. Liabilities shown below are as scheduled by the Debtor, unless the Claimant has filed a proof of claim stating a different amount.

   **Assets**

| | |
|---|---|
| Cash | $699,199 |
| Deposits and pre-payments | $ 18,815 |
| Accounts receivable | $ 49,422 |
| Inventory | $ 12,000 |
| Office furniture and equipment | $ 24,800 |
| Service vehicles and equipment | $346,244 |
| (less 10% liquidation costs for non-cash assets) | <$43,247> |
| **Total Assets in Ch. 7 liquidation** | **$1,107,233** |

**Liabilities**

| | |
|---|---|
| Administrative Expenses and UST Fees | $30,000[1] |
| Priority Claims | $17,000 |
| Secured Claims of Carrolton-Farmers Branch ISD | $911 |
| Secured Claims of Dallas County | $811 |
| Secured Claim of Home Trust Bank (SBA loan) | $2,016,305 |
| Secured Claim of Home Trust Bank (line of credit) | $349,979 |
| Secured Claims of Chrysler Capital | $68,818 |
| Secured Claims of Ally Bank | $51,613 |
| Secured Claims of Wells Fargo Bank | $14,210 |
| Unsecured Claims | $1,114,027 |
| **Total Liabilities** | **$3,663,674** |

**TOTAL ASSETS LESS TOTAL LIABILITIES**        **<$2,556,441>**

- o *NOTE:* **Under the above liquidation analysis, Unsecured Claimants would receive nothing on their Claims in a Chapter 7 case. Under this Plan, however, Unsecured Claimants will receive 25% of their Claims.**

- o **This Plan does not contemplate a liquidation of the Assets.**

## ARTICLE VI.  PLAN OF REORGANIZATION

### 6.1  Treatment of Unclassified Claims, Administrative Expense Claims, Priority Tax Claims, and U.S. Trustee Fees

   **a.     Unclassified Claims.** All Allowed Claims (except Administrative Expense Claims and Priority Tax Claims) are placed in Classes for all purposes, including voting on, confirmation of, and distributions under this Plan. In accordance with Bankruptcy Code § 1123(a)(1), Administrative Expense Claims and Allowed Priority Tax Claims have not been classified.

   **b.     Administrative Expense Claims.** Each holder of an Administrative Expense Claim under Bankruptcy Code § 503 shall receive either: (i) with respect to Administrative Expense Claims which are Allowed Claims on the Effective Date, the amount of such holder's Allowed Claim in one cash payment, within ten (10) days after the Effective Date, from the Debtor; (ii) with respect to Administrative Expense Claims which become Allowed Claims after the Effective Date, the amount of such holder's Allowed Claim, in one cash payment from the Debtor within ten (10) days after such Claim

---

1. Debtor's estimate.

becomes an Allowed Administrative Expense Claim; or (iii) such other treatment agreed upon by the Debtor and such holder.

    **1.** <u>Fee Claims.</u> Each professional person whose retention with respect to this Case has been approved by the Bankruptcy Court or who holds, or asserts, an Administrative Expense Claim that is a Fee Claim shall be required to file with the Bankruptcy Court a final fee application within sixty (60) days after the Effective Date and to serve notice thereof on all parties entitled to such notice. The Subchapter V Trustee is a professional in this case. The failure to file timely any such application as required shall result in the Fee Claim being forever barred and discharged. A Fee Claim, with respect to which a Fee Application has been properly filed, shall become an Administrative Expense Claim only to the extent allowed by Final Order. Fee Claims shall be paid either: (i) with respect to Fee Claims which are Allowed Claims on the Effective Date, the amount of such holder's Allowed Claim in one cash payment, within ten (10) days after the Effective Date, from the Debtor; (ii) with respect to Fee Claims which become Allowed Claims after the Effective Date, the amount of such holder's Allowed Claim, in one cash payment from the Debtor within ten (10) days after such Claim becomes an Allowed Fee Claim; or (iii) such other treatment agreed upon by the Debtor and such holder.

    **2.** <u>Administrative Expense Claims Bar Date.</u> Any other person or entity who claims to hold an Administrative Expense Claim (other than a Fee Claim) shall be required to file with the Bankruptcy Court an application within sixty (60) days after the Effective Date and to serve notice thereof on all parties entitled to such notice. The failure to file timely the application as required under this section) of this Plan shall result in the Claim being forever barred and discharged. An Administrative Expense Claim with respect to which an application has been properly filed and to which no timely objection has been filed or an objection has been filed but overruled by the Bankruptcy Court, shall become an Allowed Claim to the extent such Claim is allowed by Final Order.

    **c.** **Priority Tax Claims.** Priority Tax Claims shall be paid in full over the period from the Petition Date to the expiration of five (5) years from the Petition Date, with interest thereon at the rate of interest of 12% per annum. The Claims will be paid in equal monthly installments of principal and interest, commencing on the first day of the first month following the Effective Date and continuing on the first day of each month thereafter. Interest shall begin to accrue as of the Petition Date. These Claimants shall retain their pre- and post-Petition Date statutory Liens securing this Claim until it is paid in full.

    The Debtor scheduled the Texas Comptroller with a Priority Tax Claim of $17,000.00.

    **d.** **Priority Wage Claims.** Any holder of an Allowed Priority Wage Claim within the meaning of Bankruptcy Code § 507(a)(4) will be paid in full in three (3) equal monthly installments of principal and interest at the rate of 2% per annum. Payments will commence on the first day of the first month following the Effective Date and continue on

the first day of each month thereafter until paid in full.

**6.2      Classification of Claims and Interests**

Claims against the Debtor, excluding Administrative Expense Claims, Priority Tax Claims and Priority Wage Claims, are divided into the following Classes:

**Class 1:  Allowed Secured Claim of Carrollton-Farmers Branch ISD**

**Class 2:  Allowed Secured Claim of Dallas County**

**Class 3: Allowed Secured Claim of Home Trust Bank (SBA loan)**

**Class 4: Allowed Secured Claim of Home Trust Bank (line of credit)**

**Class 5: Allowed Secured Claims of Chrysler Capital**

**Class 6: Allowed Secured Claims of Ally Bank**

**Class 7: Allowed Secured Claim of Wells Fargo Bank**

**Class 8 Claims: Allowed Unsecured Claims.**

**Class 9 Equity Interests: Equity Interest Holders.**

**6.3      Claims and Interests Impaired Under the Plan**

The Claims in Classes 3, 4, 5, 6, 7 and 8 are Impaired and entitled to vote on this Plan. Class 1, 2 and 9 are not Impaired and are deemed to have accepted the Plan.

**6.4      Treatment of Classified Claims and Interests Under the Plan**

**General Provisions Regarding Treatment of Claims.**

All Allowed Secured Claimants shall retain all their liens on any property securing their Claims.

No Claimant shall be entitled to a pre-payment penalty if their Claim is paid early.

Should the value of the Collateral securing a Secured Claim be less than the amount of the Claim, the Claim will be bifurcated into a Secured Claim equal to the value of the Collateral and an Unsecured Claim for the remainder. Any statement regarding payment in full means payment in full of the Allowed Claim.

If any of the Collateral securing an Allowed Secured Claim is sold during the term of the Plan, such Claim shall be paid in full upon the sale of the Collateral.

**Class 1: Allowed Secured Claim of Carrollton-Farmers Branch ISD.** This Claim shall be paid in full on the Effective Date of the Plan with interest thereon at the rate of 12% per annum. Interest shall begin to accrue as of the Petition Date. This claim is not Impaired.

**Class 2: Allowed Secured Claim of Dallas County.** This Claim shall be paid in full on the Effective Date of the Plan with interest thereon at the rate of 12% per annum. Interest shall begin to accrue as of the Petition Date. This claim is not Impaired.

**Class 3: Allowed Secured Claim of Home Trust Bank (SBA loan).** This Claim shall be paid in full in equal monthly installments of principal and interest over 120 months from the Effective Date. Payments shall commence on the first day of the first month following the Effective Date and continue on the first day of each month thereafter. Interest shall accrue at the rate of 5% per annum commencing on the Effective Date. This claim is secured and the Allowed Secured Claim shall retain its liens until paid in full. This Claim is IMPAIRED.

**Class 4: Allowed Secured Claim of Home Trust Bank (line of credit).** This Claim shall be paid in full in equal monthly installments of principal and interest over 120 months from the Effective Date. Payments shall commence on the first day of the first month following the Effective Date and continue on the first day of each month thereafter. Interest shall accrue at the rate of 5% per annum commencing on the Effective Date. This claim is secured and the Allowed Secured Claim shall retain its liens until paid in full. This Claim is IMPAIRED.

**Class 5: Allowed Secured Claims of Chrysler Capital.** These Claims are divided into the following sub-classes:

Class 5A – Claim No. 5 secured by 2019 Dodge Promaster.

Class 5B - Claim No. 6 secured by 2019 Dodge Promaster.

Class 5B - Claim No. 7 secured by 2020 Ram Promaster.

Each of these Claims shall be paid in full in equal monthly installments of principal and interest over 60 months from the Effective Date. Payments shall commence on the first day of the first month following the Effective Date and continue on the first day of each month thereafter. Interest shall accrue at the rate of 5% per annum commencing on the Effective Date. These claims are secured and the Allowed Secured Claims shall retain their liens until paid in full. These Claims are IMPAIRED.

**Class 6: Allowed Secured Claims of Ally Bank.** These Claims are divided into the following sub-classes:

Class 6A – Claim secured by 2018 Dodge Ram 1500.

Class 6B - Claim secured by 2017 Ford Transit Cutaway.

Each of these Claims shall be paid in full in equal monthly installments of principal and interest over 60 months from the Effective Date. Payments shall commence on the first day of the first month following the Effective Date and continue on the first day of each month thereafter. Interest shall accrue at the rate of 5% per annum commencing on the Effective Date. These claims are secured and the Allowed Secured Claims shall retain their liens until paid in full. These Claims are IMPAIRED.

**Class 7: Allowed Secured Claim of Wells Fargo Bank.** This Claim shall be paid in full in equal monthly installments of principal and interest over 60 months from the Effective Date. Payments shall commence on the first day of the first month following the Effective Date and continue on the first day of each month thereafter. Interest shall accrue at the rate of 5% per annum commencing on the Effective Date. This claim is secured and the Allowed Secured Claim shall retain its liens until paid in full. This Claim is IMPAIRED.**Class 8 Claims: Allowed Unsecured Claims.** These Claimants shall receive 25% of their Allowed Claims in equal monthly installments of principal and interest over 60 months from the Effective Date. Payments shall commence on the first day of the first month following the Effective Date and continue on the first day of each month thereafter. These Claims are IMPAIRED.

In the alternative, if the Plan is determined to be a "non-consensual" plan under Bankruptcy Code Section 1191(b), all of the Debtor's disposable income will be paid pro-rata to Class 8 Claimants on a monthly basis over 36 months. "Disposable income" shall mean all income remaining after the Debtor's payment of its reasonable and necessary expenses, less a reserve of $25,000 to be built by the Debtor's retention of $10,000.00 per month for the first two and 1/2 months following the Effective Date.

**Class 9: Equity Interests.** Class 9 Equity Interests shall be retained. This Class is not Impaired.

6.5    **Implementation of the Plan**

    **a.**    **Source of Payments.** The Debtor intends to make all payments required under the Plan from its  ordinary operating revenue.

    **b.**    **Risk Factors.** *Consider carefully the factors set forth below and the other information set forth in this Plan prior to voting on the Plan. These risk factors should not, however, be regarded as constituting the only risks involved with the Plan and its implementation.*

    **Bankruptcy Considerations.** Although the Debtor believes that the Plan satisfies all requirements necessary for Confirmation, there can be no assurance that the Court will reach the same conclusion. Moreover, there can be no assurance that modifications of the Plan will not be required for Confirmation or that such modifications would not necessitate the re- solicitation of votes to accept the Plan as modified.

6.6    **Feasibility of the Plan**

The Debtor believes that the Plan is feasible because all creditors with Allowed Claims will be paid under fair and equitable terms.  Projections for the feasibility of the Plan are attached

hereto as **Exhibit "3"** and incorporated herein by this reference. Debtor believes the Plan will meet the Subchapter V requirements for Confirmation.

### 6.7 Provisions Regarding Distributions and Objections to Claims

    **a.**    **Time of Payment.** The first month in which payments will be made under this Plan will be as provided by the terms of this Plan.

    **b.**    **Delivery of Payment.** All payments or distributions required under this Plan shall be made to holder of the applicable Claim at: (i) the address set forth on the Proofs of Claim filed by such holders (or at the last known address of such holders if no Proof of Claim is filed or if the Debtor has been notified of a change of address); (ii) the address set forth in any written notices of address change delivered to the Debtor after the date of any related Proof of Claim; or (iii) if neither of the foregoing is applicable, at the addresses reflected in the Debtor' bankruptcy schedules, unless otherwise agreed to by the holder of such Claim and the Debtor.

    **c.**    **Confirmation under Section 1191(b) – Sub-Chapter V Trustee.** If the Plan is Confirmed as a non-consensual plan under the provisions of 11 U.S.C. section 1191(b), the Trustee shall serve as the payment administrator pursuant to 11 U.S.C. section 1194(b) for the purpose of making distributions under the Plan. Distributions to Class 1 - 8 Creditors will be made by the Trustee in accordance with the following procedures:

    **1.**    **Plan Payments**. During the period of payments under the Plan (the "Payment Period"), the Debtor shall pay to the Trustee the monthly projected disposable income amount as required under the plan on or before the 10th day of each calendar month following the Effective Date (the "Plan Payments"). Trustee shall make all payments of distributions to creditors from the Plan Payments. Such remittances shall occur no less frequently than fifteen (15) days after the first day of each month following receipt of a Plan Payment from the Reorganized Debtor. The Trustee shall make such distributions from an account to be established by the Trustee at an institution on the approved U.S. Trustee depository list account, which shall be maintained by the Trustee for the duration of the Payment Period until Plan consummation following the final payment required under the Plan (the "Trustee Account").

    **2.**    **Disbursements to Allowed Claimants.** As soon as is reasonably practicable after the Effective Date, the Trustee shall initiate disbursement of Plan Payments from the Trustee Account, less amounts reserved for the Trustee's fees and expenses, to the holders of Allowed Administrative Claims until paid in full and to Class 1 and 2 Claims based on the total amount of Allowed Claims. For the avoidance of doubt, the disbursement to holders of Allowed Claims will be reduced in an amount equal to the Trustee's Allowed fees and costs incurred as Trustee.

      **3.**     **Post-Confirmation Fees and Expenses of the Trustee.** The Trustee shall be entitled to recoup reasonable fees and costs incurred performing his obligations as Trustee under this paragraph from the Plan Payments by submitting a fee and expense statement to the Reorganized Debtors, the Office of the United States Trustee, and Holders of Allowed Claims (the "Notice Parties"). The Trustee shall be compensated for his post-confirmation duties at his normal hourly rate and shall be paid from the amounts paid by the Debtor for Plan Payments. The amount distributed or reserved to creditors will be net of the amounts remitted by the Reorganized Debtor to the Trustee. The Trustee's fees and expense shall be disclosed in the quarterly report filed with the Court. All parties in interest will have 21 days after the quarterly report is filed to object to the Trustee's fees and expenses disclosed therein. If no objection is received, the Trustee may disburse his fees and expenses from the Plan Payments without further order of the Court.

      **d.**     **No Distribution Pending Allowance or Estimation of Claims.** No payments or distributions shall be made with respect to all or any portion of a Contested Claim unless and until such Claim becomes an Allowed Claim or Allowed Interest, as determined by Final Order. No holder of a Claim shall be entitled to any payment under the Plan if such holder has retained property of the Estate.

      **e.**     **Objections to Claims.** Any party authorized by the Bankruptcy Code may object to the allowance of prepetition Claims at any time prior to sixty (60) days after the Effective Date or, as to Claims based upon the Debtor's rejection pursuant to this Plan of an executory contract or unexpired lease, at any time prior to thirty (30) days after the filing of any such rejection Claim. Any Proof of Claim filed after the Bar Date shall be of no force and effect and shall be deemed disallowed. All Contested Claims shall be litigated to Final Order; provided, however, that the Reorganized Debtor may compromise and settle any Contested Claim, subject to the approval of the Bankruptcy Court. Notwithstanding the foregoing, a person who is found to have received a voidable transfer shall have thirty (30) days following the date upon which the order ruling that such transfer is avoidable becomes a Final Order in which to file a Claim in the amount of such avoided transfer.

      **f.**     **Suspension of Payments on Disputed Claims.** If any Claim has been objected to within the time required, the Debtor shall segregate and set aside, from the funds on hand for distribution to the Claimant's Class, funds sufficient to satisfy the payment otherwise due on the Claim according to the provisions of the Plan. If the claim objection is overruled or a dispute is resolved favorably to the party asserting the Claim, then the funds shall be paid to the Creditor in accordance with applicable Class provisions. If the Disputed Claim is disallowed, the funds segregated in deference to the Claim shall be disbursed to other parties in interest, according to the applicable provisions of the Plan.

## 6.8   <u>Executory Contracts</u>

      **a.**     **General Provisions.** "Assumption" of an executory contract or unexpired lease means that the Debtor has elected to continue to perform the obligations under such

contracts and unexpired leases, and to cure defaults of the type that must be cured under the Bankruptcy Code, if any. If you object to the assumption, and if applicable the assignment, of your unexpired lease or executory contract under the Plan, the proposed cure of any defaults, or the adequacy of assurance of performance, you must file and serve your objection to the Plan within the deadline for objecting to Confirmation, unless the Court has set an earlier time.

       **b.**      **General Rejection of Executory Contracts and Unexpired Leases.** Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the Effective Date or under this section of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, or that were entered after the Petition Date, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.

             **Assumption of real property lease agreement.** The Debtor hereby assumes its unexpired lease of the premises located at 11496 Luna Road, Suite 450 & 500, Dallas, Texas 75234.

             **Assumption of warehouse lease agreement.** The Debtor hereby assumes its unexpired lease of the warehouse located at Nimby Self-Storage at 5301 Cholla Road, Midland, Texas 79706.

### ARTICLE VII.  RESERVATION OF CLAIMS

### 7.1    Reservation of Claims and Causes of Action

Any and all claims, causes of action, cross claims, or counterclaims held or assertable by the Debtor, including but not limited to: (i) any claim or cause of action under a policy of liability insurance or otherwise; (ii) the Avoidance Actions; and (iii) any and all claims, causes of action, counterclaims, demands, controversies, against third parties on account of costs, debts, sums of money, accounts, reckonings, bonds, bills, damages, obligations, liabilities, objections, and executions of any nature, type, or description which the Debtor have or may come to have, including, but not limited to, negligence, gross negligence, usury, fraud, deceit, misrepresentation, conspiracy, unconscionability, duress, economic duress, defamation, control, interference with contractual and business relationships, conflicts of interest, misuse of insider information, concealment, disclosure, secrecy, misuse of collateral, wrongful release of collateral, failure to inspect, environmental due diligence, negligent loan processing and administration, wrongful setoff, violations of statutes and regulations of governmental entities, instrumentalities and agencies (both civil and criminal), racketeering activities, securities and antitrust violations, tying arrangements, deceptive trade practices, breach or abuse of fiduciary duty, breach of any alleged special relationship, course of conduct or dealing, obligation of fair dealing, obligation of good faith, whether or not in connection with or related to this Plan, at law or in equity, in contract or in tort, or otherwise, known or unknown, suspected or unsuspected, are hereby preserved and retained for enforcement by the Debtor as of the Confirmation Date. It is the intent of the Debtor that this reservation of claims shall be as broad as permitted by applicable law and shall include all claims, whether or not disclosed in the Debtor' Schedules and Statements.

**7.2**      **Return of Fraudulent Transfers**

Any Creditor determined to have received a transfer that is voidable pursuant to sections 544, 547, 548, 549, and/or 550 of the Bankruptcy Code or any other applicable law shall be required to remit to the Debtor the determined amount of the avoided transfer prior to receiving any distribution under this Plan.

## ARTICLE VIII.   EFFECT OF CONFIRMATION, DISCHARGE, RELEASES AND INJUNCTION

**8.1**      **Vesting of Property**

On the Confirmation Date of the Plan, all property of the Estate shall vest in the Debtor pursuant to sections 1141(b) and (c) of the Bankruptcy Code, free and clear of all Claims and interests except as otherwise provided in this Plan. This Plan will evidence the release of any and all Liens or encumbrances against all property dealt with by the Plan, unless such Lien or encumbrance is specifically retained in the Plan. However, If the Plan is Confirmed as a non-consensual plan under the provisions of 11 U.S.C. section 1191(b), the property of the Estate will not re-vest in the Debtor on the Confirmation Date but will remain as property of the Estate until the final payment is made under the plan.

**8.2**      **Plan Creates New Obligations**

Except as otherwise provided in the Plan, (1) the payment terms promised in the Plan constitute new contractual obligations that replace any payment terms that existed prior to the Effective Date, and (2) all rights and obligations other than those new payment terms continue to apply.

**8.3**      **Legal Binding Effect**

The provisions of this Plan shall bind all holders of Claims and Interests, whether or not they accept this Plan.

**8.4**      **Discharge**

If the Debtor's Plan is confirmed under § 1191(a), on the Effective Date of the Plan the Debtor will be discharged from any debt that arose before Confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; or (ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first three years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt: (i) on which the last payment is due after the first three years of the plan, or as otherwise provided in § 1192; or (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

### 8.5    Satisfaction of Claims and Interests

Except as otherwise provided by the Plan, the consideration distributed under the Plan shall be in complete satisfaction of all Claims of any Creditor, including Claims arising prior to the Effective Date.

### 8.6    Temporary Injunction

Except as otherwise expressly provided in, or permitted under, this Plan, the Confirmation Order shall provide, among other things, that all Creditors and persons who have held, hold, or may hold Claims or Interests against the Debtor or any third-party guarantor, are enjoined on and after the Effective Date as long as the Plan is not in default and has not been completed against the: (i) commencement or continuation of any judicial, administrative, or other action or proceeding against the Debtor or any third-party guarantor on account of Claims against the Debtor; (ii) enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against the Debtor or any third-party guarantor or any assets or property of same; or (iii) creation, perfection, or enforcement of any encumbrance of any kind against the Debtor or any third-party guarantor arising from a Claim. Such injunction expires at the end of the Plan term at which time all Allowed Claims will have been paid in accordance with the terms of the Plan.

### 8.7    Modification of the Plan

a.    **Prior to Confirmation.** The Debtor may modify this Plan at any time prior to Confirmation, provided the modification complies with the requirements of sections 1122, 1123 and 1127 of the Bankruptcy Code. Upon the filing of any such modifications with the Bankruptcy Court, the Plan, as modified, becomes the Plan.

b.    **After Confirmation.** The Debtor may modify the Plan at any time after Confirmation, upon compliance with Bankruptcy Code § 1127. The Debtor or their attorney shall provide notice of any such proposed modification to all Creditors and other parties in interest in these Chapter 11 proceedings. If, in the opinion of the Bankruptcy Court, the modification does not materially and adversely affect the interest of the Creditors, the Bankruptcy Court may modify the Plan without notice to Creditors, or may modify the Plan upon notice only to those Creditors that the Bankruptcy Court deems to be materially and adversely affected.

### 8.8    Retention of Jurisdiction

The Bankruptcy Court shall retain jurisdiction over this Bankruptcy Case after Confirmation of the Plan to the fullest extent provided for, or allowed, under the Bankruptcy Code and other applicable law. Specifically, but not by way of limitation, the Bankruptcy Court shall retain jurisdiction for the following purposes:

a.    to consider and effect any modification of this Plan under Bankruptcy Code § 1127;

**b.**      to hear and determine all controversies, suits and disputes that arise in connection with the interpretation, implementation, effectuation, consummation or enforcement of this Plan;

**c.**      to hear and determine all requests for compensation and/or reimbursement of expenses for the period commencing on the Petition Date through the Confirmation Date;

**d.**      to hear and determine all objections to Claims and Interests, and to determine the appropriate classification of any Claim or Interest, and other controversies, suits and disputes that may be pending at or initiated after the Confirmation Date, except as provided in the Confirmation Order;

**e.**      to hear and determine all causes of action;

**f.**      to consider and act on such other matters consistent with this Plan as may be provided in the Confirmation Order;

**g.**      to make such Orders as are necessary and appropriate to carry out and implement the provisions of this Plan; including to effect the further assurances provided in this Plan;

**h.**      to approve the reasonableness of any payments made or to be made, within the meaning of Bankruptcy Code § 1129(a)(4);

**i.**      to exercise the jurisdiction granted pursuant to sections 505(a) and (b) of the Bankruptcy Code to determine any and all federal, state, Commonwealth, local and foreign tax liabilities of, and any and all refunds of such taxes paid by the Debtor;

**j.**      to hear and determine any issues or matters in connection with any property not timely claimed as provided in this Plan; and

**k.**      to determine any and all motions, applications, adversary proceedings and Contested matters whether pending in the Case as of the Effective Date or brought subsequently by the Debtor.

Nothing contained herein shall be construed to limit the rights of the Debtor to commence or prosecute any claim in any court of competent jurisdiction.

## ARTICLE IX.  MISCELLANEOUS PROVISIONS

### 9.1      Request for Relief Under Bankruptcy Code § 1129(b)

In the event any Impaired Class of Claims or Interests shall fail to accept this Plan in accordance with Bankruptcy Code § 1129(a), the Plan Proponents request that the Bankruptcy Court confirm this Plan in accordance with the provisions of Bankruptcy Code § 1129(b).

9.2     **Headings**

All headings utilized in this Plan are for convenience and reference only and shall not constitute a part of this Plan for any other purpose.

9.3     **Due Authorization**

Each and every Claimant who elects to participate in the distributions provided for herein warrants that such Claimant is authorized to accept, in consideration of such Claim against the Debtor, the distributions provided for in this Plan and that there are not outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by such Claimant under this Plan.

9.4     **Further Assurances and Authorizations**

The Debtor shall seek such orders, judgments, injunctions, and rulings that may be required to carry out further the intentions and purposes, and to give full effect to the provisions of, this Plan.

9.5     **Applicable Law**

Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties, and obligations arising under this Plan shall be governed by and construed and enforced in accordance with the internal laws of the State of Texas without reference to the laws of other jurisdictions.

9.6     **No Interest**

Except as expressly stated in this Plan, or allowed by the Bankruptcy Court, no interest, penalty, or late charge is to be Allowed on any Claim subsequent to the Petition Date.

9.7     **Post-Confirmation Actions**

After Confirmation, the Debtor may, with the approval of the Bankruptcy Court, and so long as it does not materially or adversely affect the interests of the Creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan or in the Confirmation Order, in such manner as may be necessary to carry out the purposes and effect of the Plan.

9.8     **Notices of Default**

In the event of a default under the Plan, the affected Claimant or its counsel shall provide notice to counsel for the Debtor/Reorganized Debtor. The Debtor/Reorganized Debtor shall have twenty (20) days to cure the default. In the event the Debtor/Reorganized Debtor fails to cure the default within 20 days after receipt of notice, the Claimant shall be entitled to pursue collection of all amounts owed pursuant to state law outside of the Bankruptcy Court. The Debtor/Reorganized Debtor shall only be entitled to two notices of default. In the event of a third default, the Claimant shall be entitled to pursue collection of all amounts owed pursuant to state law outside the

Bankruptcy Court without further notice. Failure to timely pay post-petition taxes shall be an event of default under the Plan.

### 9.9 **Notices**

All notices, requests, elections, or demands in connection with the Plan shall be in writing and shall be deemed to have been given when received or, if mailed, five (5) days after the date of mailing provided such writing shall have been sent by registered or certified mail, postage prepaid, return receipt requested. A copy of all notices provided to the Debtor under this Plan shall be sent to: (i) the Debtor at 304 Sunrise Dr., North Richland Hills, Texas 76182, and (ii) the Debtor' attorney, Joyce W. Lindauer, Joyce W. Lindauer Attorney, PLLC, 1412 Main Street. Suite 500 Dallas TX 75202 Telephone: (972) 503-4033; Fax: (972) 503-4034; Email: joyce@joycelindauer.com.

### 9.10 **Payment Dates**

Whenever any payment or distribution to be made under the Plan shall be due on a day other than a Business Day, such payment or distribution shall instead be made, without interest, on the next Business Day, except as may be provided in negotiable instruments requiring such payments.

### 9.11 **De Minimis Distribution**

No single distribution payment of less than $5.00 shall be required to be made to any holder of an Allowed Claim. Rather, any such de minimis distribution amount shall be held by the Debtor, added to the amount of the next distribution, and remitted to the holder of the Allowed Claim upon reaching a total greater than $5.00.

Dated: November 30, 2021.

Respectfully submitted,

_/s/ Joyce W. Lindauer_
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St. Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Debtor

_/s/ Matthew P. Ecoff_
Matthew P. Ecoff, President and CEO of the Debtor

**Miscellaneous:**

<table>
<tr><td></td><td>Filed: 09/01/2021</td><td>Closed:</td></tr>
<tr><td></td><td>Reopen:</td><td>Dismissed:</td></tr>
<tr><td></td><td></td><td>Dismissed(jdb):</td></tr>
<tr><td></td><td>Converted:</td><td>Discharged:</td></tr>
<tr><td></td><td></td><td>Discharged(jdb):</td></tr>
</table>

<u>21-42102-elm11 Master Tech Service Corp.</u>
Type: bk                    Chapter: 11 v                    Office: 4 (Ft. Worth)
Assets: y                    Judge: elm                    Case Flag: REFORM, SmBus,
                                                            Subchapter_V, EXHIBITS

<u>Summary</u>   <u>History</u>   <u>Parties</u>   <u>Filers</u>   <u>Docket Sheet</u>   <u>Deadlines/Hearings</u>   <u>Status</u>   <u>Pending Motions</u>   <u>Creditors</u>   <u>Claims Register</u>

## U.S. Bankruptcy Court

### Northern District of Texas

Notice of Electronic Filing

The following transaction was received from Joyce W. Lindauer entered on 10/21/2021 at 2:12 PM CDT and filed on 10/21/2021
Case Name:                Master Tech Service Corp.
Case Number:              <u>21-42102-elm11</u>
Document Number: <u>52</u>

**Docket Text:**
Debtor-In-Possession Monthly Operating Report for Filing Period September 2021 filed by Debtor Master Tech Service Corp..
(Lindauer, Joyce)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** September 2021.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686615 [Date=10/21/2021] [FileNumber=47192722
-0] [28ff6c1bc938dadb253dce7e230e7c384ab979d72c033c57955f44b49aa1ea987
7da68171e0cdc1313084374792c0778f0e9ea6b0ebfe16f5159e9684efd87be]]

**21-42102-elm11 Notice will be electronically mailed to:**

Daniel P. Callahan on behalf of Creditor Home Trust Bank
dpc@kesslercollins.com, gld@kesslercollins.com

Joyce W. Lindauer on behalf of Debtor Master Tech Service Corp.
joyce@joycelindauer.com, dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com

Craig J. Luffy on behalf of Creditor Shearer Supply Inc
luffy@pdcollinslaw.com, pdcollins@pdcollinslaw.com

Christen Carlson Paquin on behalf of Creditor Ferguson Enterprises, LLC
cpaquin@mssattorneys.com

Linda D. Reece on behalf of Creditor Carrollton-Farmers Branch ISD
lreece@pbfcm.com

Laurie A. Spindler on behalf of Creditor Dallas County
Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;dallas.bankruptcy@lgbs.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Behrooz P. Vida -SBRA V
behrooz@vidatrustee.com, cbpv11@trustesolutions.net;tracy@vidatrustee.com;bpv2117@gmail.com

**21-42102-elm11 Notice will not be electronically mailed to:**

# EXHIBIT "1"

Ally Bank, CO AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

**Fill in this information to identify the case:**

Debtor Name ___MASTER TECH SERVICE CORP___

United States Bankruptcy Court for the: ___Northern___ District of ___Texas___

Case number: ___21-42102-elm11___

☐ Check if this is an amended filing

## Official Form 425C

## Monthly Operating Report for Small Business Under Chapter 11          12/17

Month: **SEPTEMBER**

Line of business: HVAC & PLUMBING

Date report filed: ___10/19/2021___
MM / DD / YYYY

NAISC code: ___238220___

In accordance with title 28, section 1746, of the United States Code, I declare under penalty of perjury that I have examined the following small business monthly operating report and the accompanying attachments and, to the best of my knowledge, these documents are true, correct, and complete.

Responsible party: ___Matthew P. Ecoff___

Original signature of responsible party ___[signature]___

Printed name of responsible party ___Matthew P. Ecoff___

### 1. Questionnaire

Answer all questions on behalf of the debtor for the period covered by this report, unless otherwise indicated.

If you answer *No* to any of the questions in lines 1-9, attach an explanation and label it *Exhibit A*.

| | | Yes | No | N/A |
|---|---|---|---|---|
| 1. | Did the business operate during the entire reporting period? | ☒ | ☐ | ☐ |
| 2. | Do you plan to continue to operate the business next month? | ☒ | ☐ | ☐ |
| 3. | Have you paid all of your bills on time? | ☒ | ☐ | ☐ |
| 4. | Did you pay your employees on time? | ☒ | ☐ | ☐ |
| 5. | Have you deposited all the receipts for your business into debtor in possession (DIP) accounts? | ☒ | ☐ | ☐ |
| 6. | Have you timely filed your tax returns and paid all of your taxes? | ☒ | ☐ | ☐ |
| 7. | Have you timely filed all other required government filings? | ☒ | ☐ | ☐ |
| 8. | Are you current on your quarterly fee payments to the U.S. Trustee or Bankruptcy Administrator? | ☒ | ☐ | ☐ |
| 9. | Have you timely paid all of your insurance premiums? | ☒ | ☐ | ☐ |
| | If you answer *Yes* to any of the questions in lines 10-18, attach an explanation and label it *Exhibit B*. | | | |
| 10. | Do you have any bank accounts open other than the DIP accounts? | ☒ | ☐ | ☐ |
| 11. | Have you sold any assets other than inventory? | ☐ | ☒ | ☐ |
| 12. | Have you sold or transferred any assets or provided services to anyone related to the DIP in any way? | ☐ | ☒ | ☐ |
| 13. | Did any insurance company cancel your policy? | ☐ | ☒ | ☐ |
| 14. | Did you have any unusual or significant unanticipated expenses? | ☒ | ☐ | ☐ |
| 15. | Have you borrowed money from anyone or has anyone made any payments on your behalf? | ☐ | ☒ | ☐ |
| 16. | Has anyone made an investment in your business? | ☐ | ☒ | ☐ |

Debtor Name  MASTER TECH SERVICE CORP                                        Case number  21-42102-elm11

|  | | | HOME TRUST BANK AUTO DRAFTED | | | |
|---|---|---|---|---|---|---|
| 17. | Have you paid any bills you owed before you filed bankruptcy? | AN INTEREST PAYMENT OF 1,290.31 | ☒ | ☐ | ☐ |
| 18. | Have you allowed any checks to clear the bank that were issued before you filed bankruptcy? | | ☐ | ☒ | ☐ |

## 2. Summary of Cash Activity for All Accounts

19. **Total opening balance of all accounts**
    This amount must equal what you reported as the cash on hand at the end of the month in the previous month. If this is your first report, report the total cash on hand as of the date of the filing of this case.                                                      $ 699,198.95

20. **Total cash receipts**
    Attach a listing of all cash received for the month and label it *Exhibit C*. Include all cash received even if you have not deposited it at the bank, collections on receivables, credit card deposits, cash received from other parties, or loans, gifts, or payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit C*.
    Report the total from *Exhibit C* here.                                $ 488,615.84

21. **Total cash disbursements**
    Attach a listing of all payments you made in the month and label it *Exhibit D*. List the date paid, payee, purpose, and amount. Include all cash payments, debit card transactions, checks issued even if they have not cleared the bank, outstanding checks issued before the bankruptcy was filed that were allowed to clear this month, and payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit D*.
    Report the total from *Exhibit D* here.                            − $ 453,337.59

22. **Net cash flow**
    Subtract line 21 from line 20 and report the result here.              + $ 35,278.25
    This amount may be different from what you may have calculated as *net profit*.

23. **Cash on hand at the end of the month**
    Add line 22 + line 19. Report the result here.                          = $ 734,477.20
    Report this figure as the *cash on hand at the beginning of the month* on your next operating report.
    This amount may not match your bank account balance because you may have outstanding checks that have not cleared the bank or deposits in transit.

## 3. Unpaid Bills

Attach a list of all debts (including taxes) which you have incurred since the date you filed bankruptcy but have not paid. Label it *Exhibit E*. Include the date the debt was incurred, who is owed the money, the purpose of the debt, and when the debt is due. Report the total from *Exhibit E* here.

24. **Total payables**                                                     $ 895.00
    *(Exhibit E)*

Debtor Name   MASTER TECH SERVICE CORP                                        Case number   21-42102-elm11

## 4. Money Owed to You

Attach a list of all amounts owed to you by your customers for work you have done or merchandise you have sold. Include amounts owed to you both before, and after you filed bankruptcy.  Label it *Exhibit F*. Identify who owes you money, how much is owed, and when payment is due. Report the total from *Exhibit F* here.

25. **Total receivables**                                                                      $ 56,911.37

    *(Exhibit F)*

## 5. Employees

26. What was the number of employees when the case was filed?                                   27
27. What is the number of employees as of the date of this monthly report?                      27

## 6. Professional Fees

28. How much have you paid this month in professional fees related to this bankruptcy case?     $   0
29. How much have you paid in professional fees related to this bankruptcy case since the case was filed?   $   0
30. How much have you paid this month in other professional fees?                               $   0
31. How much have you paid in total other professional fees since filing the case?              $   0

                                   ALL PAID PRIOR TO FILING

## 7. Projections

Compare your actual cash receipts and disbursements to what you projected in the previous month.
Projected figures in the first month should match those provided at the initial debtor interview, if any.

|                          | Column A<br>**Projected** | − | Column B<br>**Actual** | = | Column C<br>**Difference** |
|--------------------------|---------------------------|---|------------------------|---|----------------------------|
|                          | Copy lines 35-37 from the previous month's report. | | Copy lines 20-22 of this report. | | Subtract Column B from Column A. |
| 32. **Cash receipts**    | $   0                     | − | $ 488,615.84           | = | $ 488,615.84               |
| 33. **Cash disbursements** | $   0                   | − | $ 453,337.59           | = | $ 453,337.59               |
| 34. **Net cash flow**    | $   0                     | − | $ 35,278.25            | = | $ 35,278.25                |

35. Total projected cash receipts for the next month:                                          $ 384,196.41
36. Total projected cash disbursements for the next month:                                    − $ 378,946.65
37. Total projected net cash flow for the next month:                                          = $ 5,249.76

Debtor Name  MASTER TECH SERVICE CORP                          Case number  21-42102-elm11

## 8. Additional Information

If available, check the box to the left and attach copies of the following documents.

☒ 38.  Bank statements for each open account (redact all but the last 4 digits of account numbers).

☒ 39.  Bank reconciliation reports for each account.  SEE NOTE BELOW

☒ 40.  Financial reports such as an income statement (profit & loss) and/or balance sheet.

☐ 41.  Budget, projection, or forecast reports.    ALREADY SUPPLIED

☐ 42.  Project, job costing, or work-in-progress reports.  N/A


NOTE:  ALL BANK STATEMENTS AND RECONCILIATION REPORTS ARE ATTACHED EXCEPT THE RECONCILIATION REPORT
FOR ACCOUNT ENDING IN 1941.  THE ACCOUNT HAS BEEN RECONCILED FOR SEPTEMBER WITH NO ADJUSTMENTS
HOWEVER, THE PAYROLL THAT IS DATED 10/01/2021 TO EMPLOYEES, DRAFTED FROM OUR ACCOUNT ON 9/30/2021 SO
IT IS SHOWING ON OUR SEPTEMBER BANK STATEMENT BUT IT IS NOT WITHIN THE RECONCILIATION DATE RANGE IN
THE ACCOUNTING PROGRAM.  BECAUSE OF THIS, I CANNOT FINALIZE THE SEPTEMBER RECONCILATION AND WILL HAVE
TO RUN SEPTEMBER AND OCTOBER TOGETHER FOR THE PURPOSES OF THE RECONCILIATION REPORT.

**Schedules/Statements/New Case Deficiencies:**

|  |  |
|---|---|
| | Filed: 09/01/2021  Closed: |
| | Reopen:  Dismissed: |
| | Dismissed(jdb): |
| | Converted:  Discharged: |
| | Discharged(jdb): |

<u>21-42102-elm11 Master Tech Service Corp.</u>

Type: bk                 Chapter: 11 v                 Office: 4 (Ft. Worth)
Assets: y                Judge: elm                    Case Flag: REFORM, SmBus,
                                                       Subchapter_V, EXHIBITS

<u>Summary</u>   <u>History</u>   <u>Parties</u>   <u>Filers</u>   <u>Docket Sheet</u>   <u>Deadlines/Hearings</u>   <u>Status</u>   <u>Pending Motions</u>   <u>Creditors</u>   <u>Claims Register</u>

### U.S. Bankruptcy Court

### Northern District of Texas

Notice of Electronic Filing

The following transaction was received from Joyce W. Lindauer entered on 9/15/2021 at 7:32 PM CDT and filed on 9/15/2021
**Case Name:**         Master Tech Service Corp.
**Case Number:**       <u>21-42102-elm11</u>
**Document Number:** <u>32</u>

**Docket Text:**
Schedules: Schedules A/B and D-H with Summary of Assets and Liabilities (with Declaration Under Penalty of Perjury for Non-Individual Debtors,). Filed by Debtor Master Tech Service Corp. (RE: related document(s)[8] Notice of deficiency). (Lindauer, Joyce)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Schedules(SlashS).PDF
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686615 [Date=9/15/2021] [FileNumber=47092818-0] [2551df4d396a633798cc869456f986afc1c9b8da56bb41ef94ba24a0897259640f 4bd8f839163a98d2ee04f88f89841933bc4474db8f1af5c9eff9e1a93d5159]]

**21-42102-elm11 Notice will be electronically mailed to:**

Daniel P. Callahan on behalf of Creditor Home Trust Bank
dpc@kesslercollins.com, gld@kesslercollins.com

Joyce W. Lindauer on behalf of Debtor Master Tech Service Corp.
joyce@joycelindauer.com, dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com

Craig J. Luffy on behalf of Creditor Shearer Supply Inc
luffy@pdcollinslaw.com, pdcollins@pdcollinslaw.com

Linda D. Reece on behalf of Creditor Carrollton-Farmers Branch ISD
lreece@pbfcm.com

Laurie A. Spindler on behalf of Creditor Dallas County
Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;dallas.bankruptcy@lgbs.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Behrooz P. Vida -SBRA V
behrooz@vidatrustee.com, cbpv11@trustesolutions.net;tracy@vidatrustee.com;bpv2117@gmail.com

**21-42102-elm11 Notice will not be electronically mailed to:**

# EXHIBIT "2"

**Fill in this information to identify the case**

| Debtor name | **Master Tech Service Corp.** |
|---|---|

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number (if known) **21-42102-elm**

☐ Check if this is an amended filing

Official Form 206A/B

## Schedule A/B: Assets -- Real and Personal Property                12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    Cash and cash equivalents

1.  **Does the debtor have any cash or cash equivalents?**

    ☐ No. Go to Part 2.
    ☑ Yes. Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor**

**Current value of debtor's interest**

2.  **Cash on hand**                                                                 **$241.44**

3.  **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **Chase Checking account** Used by employees in West Texas to make deposits then transferred to operating account. | **Checking account** | **5  0  9  0** | **$6,296.93** |
| 3.2. | **Home Trust Bank Checking account** Used only for SBA payment. Funded throughout the month in preparation for auto-draft payment on the 1st. | **Checking account** | **4  5  5  2** | **$16.51** |
| 3.3. | **Regions Bank Savings account** | **Savings account** | **4  3  4  2** | **$50,007.60** |
| 3.4. | **Regions Bank Savings account** | **Savings account** | **4  3  3  4** | **$100,003.39** |
| 3.5. | **Regions Bank Employee Purchasing Account** Used by employees to purchase gas, parts, etc. | **Checking account** | **8  4  2  1** | **$4,897.29** |
| 3.6. | **Regions Bank Checking account** Operating Account | **Checking account** | **1  9  4  1** | **$287,235.79** |
| 3.7. | **Regions Bank Checking account** Non-Operating Account Used to hold working capital | **Checking account** | | **$250,500.00** |

| Debtor | **Master Tech Service Corp.** | Case number (if known) | **21-42102-elm** |
|---|---|---|---|
| | Name | | |

**4.   Other cash equivalents**      *(Identify all)*

Name of institution (bank or brokerage firm)

**5.   Total of Part 1**
Add lines 2 through 4 (including amounts on any additional sheets).  Copy the total to line 80.

$699,198.95

## Part 2:  Deposits and prepayments

**6.   Does the debtor have any deposits or prepayments?**

☐ No.  Go to Part 3.
☑ Yes.  Fill in the information below.

Current value of
debtor's interest

**7.   Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

7.1.   **CP LCF III LLC - Office Space Lease**

$2,614.79

**8.   Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1.   **CP LCF III LLC - Prepayment on annual percent of leased property operating expenses**

$16,200.00

**9.   Total of Part 2.**
Add lines 7 through 8.  Copy the total to line 81.

$18,814.79

## Part 3:  Accounts receivable

**10.  Does the debtor have any accounts receivable?**

☐ No.  Go to Part 4.
☑ Yes.  Fill in the information below.

Current value of
debtor's interest

**11.  Accounts receivable**

| 11a.  90 days old or less: | **$57,924.58** | – | **$0.00** | = ...............➔ | **$57,924.58** |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |
| 11b.  Over 90 days old: | **$3,753.41** | – | **$0.00** | = ...............➔ | **$3,753.41** |
| | face amount | | doubtful or uncollectible accounts | | |

**12.  Total of Part 3**
Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

$61,677.99

## Part 4:  Investments

**13.  Does the debtor own any investments?**

☑ No.  Go to Part 5.
☐ Yes.  Fill in the information below.

Valuation method            Current value of
used for current value       debtor's interest

**14.  Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

| Debtor | **Master Tech Service Corp.** | Case number (if known) | **21-42102-elm** |
|---|---|---|---|
| | Name | | |

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                      % of ownership:

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.

| | |
|---|---|
| | **$0.00** |

## Part 5: Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.
☑ Yes. Fill in the information below.

| General description | Date of the last physical inventory MM/DD/YYYY | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| **20. Work in progress** | | | | |
| **21. Finished goods, including goods held for resale** | | | | |
| **22. Other inventory or supplies** | | | | |
| **Small Parts & Supplies - Ferguson** | | | Cost | $15,000.00 |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

| | |
|---|---|
| | **$15,000.00** |

**24. Is any of the property listed in Part 5 perishable?**

☑ No
☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No
☑ Yes. Book value   **$4,406.48**    Valuation method   **Cost**    Current value   **$4,406.48**

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☑ No
☐ Yes

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming or fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops--either planted or harvested** | | | |
| **29. Farm animals** Examples: Livestock, poultry, farm-raised fish | | | |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |

Debtor **Master Tech Service Corp.**        Case number (if known)   **21-42102-elm**
Name

**32. Other farming and fishing-related property not already listed in Part 6**

**33. Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85.

| | |
|---|---|
| | **$0.00** |

**34. Is the debtor a member of an agricultural cooperative?**
☐ No
☐ Yes. Is any of the debtor's property stored at the cooperative?
     ☐ No
     ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes. Book value _____ Valuation method _____ Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**
☐ No
☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☐ No
☐ Yes

## Part 7:   Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.
☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| **Office Furniture**<br>**Conference Table**<br>**Reception Area Furniture**<br>**Office Desks & Chairs**<br>**Executive Furniture & Cubicles**<br>**CEO Office Furniture** | **$3,198.00** | **Good Faith Estimate** | **$15,000.00** |
| **40. Office fixtures** | | | |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| **Computer Equipment**<br>**Office Equipment**<br>**2 Laptops**<br>**3 Ipads**<br>**Office Computer**<br>**Accounting Computer**<br>**7 Desktop Computers**<br>**WTX Admin Computer**<br>**Samsung Projector TV** | **$1,709.00** | **Good Faith Estimate** | **$16,000.00** |

**42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

**43. Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

| | |
|---|---|
| | **$31,000.00** |

**44. Is a depreciation schedule available for any of the property listed in Part 7?**
☐ No
☑ Yes

Debtor __**Master Tech Service Corp.**__     Case number (if known) __**21-42102-elm**__
       Name

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☑ No
☐ Yes

---

## Part 8: Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.
☑ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | Net book value of<br>debtor's interest<br>(Where available) | Valuation method<br>used for current value | Current value of<br>debtor's interest |
|---|---|---|---|

**47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | General description | Net book value | Valuation method | Current value |
|---|---|---|---|---|
| 47.1. | **2018 Dodge Ram 1500**<br>**VIN Ending 41254** | | | $23,764.00 |
| 47.2. | **2017 Ford Transit Cutaway**<br>**VIN Ending 02671** | | | $40,473.00 |
| 47.3. | **2019 Dodge Promaster**<br>**VIN Ending 37795** | | | $35,117.00 |
| 47.4. | **2019 Dodge Promaster**<br>**VIN Ending 33324** | | | $35,096.00 |
| 47.5. | **2020 Ram Promaster**<br>**VIN Ending 06559** | | | $36,254.00 |
| 47.6. | **2018 Dodge Ram 1500**<br>**VIN Ending 22624** | | | $23,247.00 |
| 47.7. | **2006 Ford F150**<br>**VIN Ending 01929** | | | $4,000.00 |
| 47.8. | **2012 Dodge Ram**<br>**VIN Ending 41263** | | | $9,500.00 |
| 47.9. | **2009 Ford F150**<br>**VIN Ending 02918** | | | $7,500.00 |
| 47.10. | **2010 Ford F150**<br>**VIN Ending 70561** | | | $8,000.00 |
| 47.11. | **2017 Ford Transit MR**<br>**VIN Ending 71575** | | | $35,000.00 |
| 47.12. | **2017 Ford Transit LR**<br>**VIN Ending 07382** | | | $35,000.00 |
| 47.13. | **2017 Ford Transit MR**<br>**VIN Ending 85128** | | | $40,000.00 |
| 47.14. | **2017 Ford Transit MR**<br>**VIN Ending 82407** | | | $40,000.00 |
| 47.15. | **2015 Ford Transit LR**<br>**VIN Ending 18177** | | | $20,000.00 |
| 47.16. | **2015 Dodge Ram 1500**<br>**VIN Ending 79402** | | | $17,317.56 |

| Debtor | **Master Tech Service Corp.** | Case number (if known) | **21-42102-elm** |
| --- | --- | --- | --- |
| | Name | | |

**48. Watercraft, trailers, motors, and related accessories** Examples: Boats trailers, motors, floating homes, personal watercraft, and fishing vessels

**49. Aircraft and accessories**

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
| --- | --- | --- | --- |
| **Specialty Tools** | | | |
| **Hand Tools** | | | |
| **Power Tools** | | | |
| **Sewer Macines & Attachments** | | | |
| **Leak Detection System** | | | |
| **Refrigeration Reclaim System** | | | |
| **Refrigerant Reclaim System** | | | |
| **Plumbers Camera** | | | |
| **HVAC Recovery Machine** | | | |
| **Air Quality Monitor Gauges** | | | |
| **Ladder Rack** | | | |
| **Utility Trailer** | $7,571.00 | Good Faith Estimate | $22,536.00 |

**51. Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87.

$432,804.56

**52. Is a depreciation schedule available for any of the property listed in Part 8?**
☐ No
☑ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☑ No
☐ Yes

## Part 9: Real property

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.
☑ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description<br>such as Assessor Parcel Number (APN),<br>and type of property (for example,<br>acreage, factory, warehouse, apartment or<br>office building), if available. | Nature and extent<br>of debtor's interest<br>in property | Net book value of<br>debtor's interest<br>(Where available) | Valuation method<br>used for current<br>value | Current value of<br>debtor's interest |
| --- | --- | --- | --- | --- |
| 55.1. **11496 Luna Rd, Suite 450 & 500**<br>**Office Lease** | Lease | | | $0.00 |

**56. Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$0.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**
☑ No
☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☑ No
☐ Yes

Debtor **Master Tech Service Corp.**      Case number (if known) **21-42102-elm**
Name

## Part 10: Intangibles and Intellectual Property

59. **Does the debtor have any interests in intangibles or intellectual property?**

    ☐ No. Go to Part 11.
    ☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61. **Internet domain names and websites** | | | |
| **Internet Doman** www.mastertechtexas.com | | | **Unknown** |
| 62. **Licenses, franchises, and royalties** | | | |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 64. **Other intangibles, or intellectual property** | | | |
| 65. **Goodwill** | | | |
| **Goodwill** | | **Good Faith Estimate** | **$1,954,847.00** |

66. **Total of Part 10.**
    Add lines 60 through 65. Copy the total to line 89.      **$1,954,847.00**

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
    ☑ No
    ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
    ☑ No
    ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
    ☑ No
    ☐ Yes

## Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

    ☑ No. Go to Part 12.
    ☐ Yes. Fill in the information below.

                                                     Current value of debtor's interest

71. **Notes receivable**

    Description (include name of obligor)

72. **Tax refunds and unused net operating losses (NOLs)**

    Description (for example, federal, state, local)

73. **Interests in insurance policies or annuities**

Debtor    **Master Tech Service Corp.**       Case number (if known)   **21-42102-elm**
      Name

**74. Causes of action against third parties** (whether or not a lawsuit has been filed)

**75. Other contingent and unliquidated claims or causes of action of every nature,**
**including counterclaims of the debtor and rights to set off claims**

**76. Trusts, equitable or future interests in property**

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

**78. Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90.

| | |
|---|---|
| | **$0.00** |

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☐ No
☐ Yes

## Part 12:   Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | **$699,198.95** | |
| **81. Deposits and prepayments.** *Copy line 9, Part 2.* | **$18,814.79** | |
| **82. Accounts receivable.** *Copy line 12, Part 3.* | **$61,677.99** | |
| **83. Investments.** *Copy line 17, Part 4.* | **$0.00** | |
| **84. Inventory.** *Copy line 23, Part 5.* | **$15,000.00** | |
| **85. Farming and fishing-related assets.** *Copy line 33, Part 6.* | **$0.00** | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | **$31,000.00** | |
| **87. Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | **$432,804.56** | |
| **88. Real property.** *Copy line 56, Part 9.*...................................➜ | | **$0.00** |
| **89. Intangibles and intellectual property.** *Copy line 66, Part 10.* | **$1,954,847.00** | |
| **90. All other assets.** *Copy line 78, Part 11.* | + **$0.00** | |
| **91. Total.** Add lines 80 through 90 for each column. | 91a. **$3,213,343.29** + | 91b. **$0.00** |

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92..................................................................   **$3,213,343.29**

**Fill in this information to identify the case:**

Debtor name **Master Tech Service Corp.**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number **21-42102-elm**
(if known)

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**

   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

   ☑ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
| --- | --- |

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
| --- | --- | --- | --- |

**2.1**

| Creditor's name<br>**Ally** | Describe debtor's property that is subject to a lien<br>**2018 Dodge Ram 1500** | $14,912.62 | $23,764.00 |
| --- | --- | --- | --- |

Creditor's mailing address
**Payment Processing Center**

**PO Box 9001948**

Describe the lien
**Business Debt / Agreement**

**Louisville        KY    40290-1948**

Is the creditor an insider or related party?
☑ No
☐ Yes

Creditor's email address, if known

Date debt was incurred    **4/30/2020**

Last 4 digits of account number        **4  8  5  9**

Is anyone else liable on this claim?
☐ No
☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Do multiple creditors have an interest in the same property?
☑ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$2,500,602.05

| Debtor | **Master Tech Service Corp.** | Case number (if known) **21-42102-elm** |
|---|---|---|

| **Part 1:** | **Additional Page** |
|---|---|

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| | *Column A* **Amount of claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|

**2.2**

**Creditor's name**
**Ally**

**Creditor's mailing address**
**Payment Processing Center**

**PO Box 9001948**

**Louisville          KY    40290-1948**

**Creditor's email address, if known**

**Date debt was incurred    4/7/2021**

**Last 4 digits of account number          5   0   7   9**

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes.  Have you already specified the relative priority?

    ☐ No.  Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes.  The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

**2017 Ford Transit Cutaway**

**Describe the lien**

**Business Debt / Agreement**

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Is anyone else liable on this claim?**

☐ No
☑ Yes.  Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

| $36,700.29 | $40,473.00 |
|---|---|

**2.3**

**Creditor's name**
**Chrysler Capital**

**Creditor's mailing address**
**PO Box 660335**

**Dallas          TX    75266-0335**

**Creditor's email address, if known**

**Date debt was incurred    1/13/2020**

**Last 4 digits of account number          6   1   6   7**

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes.  Have you already specified the relative priority?

    ☐ No.  Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes.  The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

**2019 Dodge Promaster**

**Describe the lien**

**Business Debt / Agreement**

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Is anyone else liable on this claim?**

☐ No
☑ Yes.  Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

| $22,573.20 | $35,117.00 |
|---|---|

Debtor **Master Tech Service Corp.**               Case number (if known) **21-42102-elm**

| **Part 1:** | **Additional Page** | | |
|---|---|---|---|

| | | Column A<br>**Amount of claim**<br>Do not deduct the<br>value of collateral. | Column B<br>**Value of collateral<br>that supports<br>this claim** |
|---|---|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**2.4**

Creditor's name
**Chrysler Capital**

Describe debtor's property that is subject to a lien

**$22,557.84**      **$35,096.00**

**2019 Dodge Promaster**

Creditor's mailing address
**PO Box 660335**

Describe the lien

**Business Debt / Agreement**

**Dallas**      **TX**    **75266-0335**

Is the creditor an insider or related party?

Creditor's email address, if known

☑ No
☐ Yes

Date debt was incurred    **1/13/2020**

Is anyone else liable on this claim?

Last 4 digits of account
number      **6**   **1**   **8**   **9**

☐ No
☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Do multiple creditors have an interest in the same property?

As of the petition filing date, the claim is:
Check all that apply.

☑ No
☐ Yes. Have you already specified the relative priority?

☐ Contingent
☐ Unliquidated
☐ Disputed

     ☐ No. Specify each creditor, including this creditor, and its relative priority.

     ☐ Yes. The relative priority of creditors is specified on lines _____

**2.5**

Creditor's name
**Chrysler Capital**

Describe debtor's property that is subject to a lien

**$23,405.66**      **$36,254.00**

**2020 Ram Promaster**

Creditor's mailing address
**PO Box 660335**

Describe the lien

**Business Debt / Agreement**

**Dallas**      **TX**    **75266-0335**

Is the creditor an insider or related party?

Creditor's email address, if known

☑ No
☐ Yes

Date debt was incurred    **1/13/2020**

Is anyone else liable on this claim?

Last 4 digits of account
number      **6**   **2**   **4**   **1**

☐ No
☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Do multiple creditors have an interest in the same property?

As of the petition filing date, the claim is:
Check all that apply.

☑ No
☐ Yes. Have you already specified the relative priority?

☐ Contingent
☐ Unliquidated
☐ Disputed

     ☐ No. Specify each creditor, including this creditor, and its relative priority.

     ☐ Yes. The relative priority of creditors is specified on lines _____

| Debtor | **Master Tech Service Corp.** | Case number (if known) | **21-42102-elm** |
| --- | --- | --- | --- |

| **Part 1:** | **Additional Page** | | Column A | Column B |
| --- | --- | --- | --- | --- |

Copy this page only if more space is needed.  Continue numbering the lines
sequentially from the previous page.

| | | | **Column A**<br>Amount of claim<br>Do not deduct the<br>value of collateral. | **Column B**<br>Value of collateral<br>that supports<br>this claim |
| --- | --- | --- | --- | --- |

**2.6**

Creditor's name
**Home Trust Bank**

Describe debtor's property that is
subject to a lien

$2,016,305.35        $119,500.00

**Business Assets**

Creditor's mailing address
**PO Box 10**

Describe the lien

**SBA Business Loan / Agreement**

Is the creditor an insider or related party?

**Asheville          NC   28802-0010**

☑ No
☐ Yes

Creditor's email address, if known

Is anyone else liable on this claim?

Date debt was incurred   **12/6/2018**

☐ No
☑ Yes.  Fill out *Schedule H: Codebtors* (Official Form 206H)

Last 4 digits of account
number            **7   0   0   6**

As of the petition filing date, the claim is:
Check all that apply.

Do multiple creditors have an interest in
the same property?

☐ Contingent
☐ Unliquidated
☐ Disputed

☑ No
☐ Yes.  Have you already specified the
relative priority?

☐ No.  Specify each creditor, including this
creditor, and its relative priority.

☐ Yes.  The relative priority of creditors is
specified on lines _____

**2.7**

Creditor's name
**Home Trust Bank**

Describe debtor's property that is
subject to a lien

$349,979.46        $1,000,000.00

**Business Assets**

Creditor's mailing address
**PO Box 10**

Describe the lien

**Line of Credit / Agreement**

Is the creditor an insider or related party?

**Asheville          NC   28802-0010**

☑ No
☐ Yes

Creditor's email address, if known

Is anyone else liable on this claim?

Date debt was incurred   **10/16/2019**

☐ No
☑ Yes.  Fill out *Schedule H: Codebtors* (Official Form 206H)

Last 4 digits of account
number            **7   0   0   2**

As of the petition filing date, the claim is:
Check all that apply.

Do multiple creditors have an interest in
the same property?

☐ Contingent
☐ Unliquidated
☐ Disputed

☑ No
☐ Yes.  Have you already specified the
relative priority?

☐ No.  Specify each creditor, including this
creditor, and its relative priority.

☐ Yes.  The relative priority of creditors is
specified on lines _____

| Debtor | **Master Tech Service Corp.** | Case number (if known) **21-42102-elm** |
|---|---|---|

| **Part 1:** | **Additional Page** |
|---|---|

Copy this page only if more space is needed.  Continue numbering the lines
sequentially from the previous page.

|  | *Column A* | *Column B* |
|---|---|---|
|  | **Amount of claim** | **Value of collateral** |
|  | Do not deduct the | **that supports** |
|  | value of collateral. | **this claim** |

**2.8**

**Creditor's name**
**Wells Fargo Bank**

**Creditor's mailing address**
**PO Box 17900**

**Denver                    CO    80217-0900**

**Creditor's email address, if known**

**Date debt was incurred**    5/8/2020

**Last 4 digits of account
number**                6   9   2   1

**Do multiple creditors have an interest in
the same property?**

☑ No
☐ Yes.  Have you already specified the
            relative priority?

      ☐ No.  Specify each creditor, including this
                  creditor, and its relative priority.

      ☐ Yes.  The relative priority of creditors is
                    specified on lines _____

**Describe debtor's property that is
subject to a lien**

**2018 Dodge Ram 1500**

**Describe the lien**

**Business Debt / Agreement**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☑ Yes.  Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**$14,167.63**            **$23,247.00**

Debtor **Master Tech Service Corp.**                                    Case number (if known) **21-42102-elm**

| **Part 2:** | **List Others to Be Notified for a Debt Already Listed in Part 1** |

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **U.S. Small Business Administration** | Line  **2.6** | ___ ___ ___ ___ |
| **4300 Amon Carter Blvd.** | | |
| **Suite 114** | | |
| | | |
| **Fort Worth**                    **TX**    **76155** | | |

**Fill in this information to identify the case:**

Debtor     **Master Tech Service Corp.**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number    **21-42102-elm**
(if known)

☐ Check if this is an
   amended filing

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims     12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.
   ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or part.**
   If more space is needed for priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| | | | |

| **2.1** Priority creditor's name and mailing address | **As of the petition filing date, the claim is:** *Check all that apply.* | **$17,000.00** | **$0.00** |
|---|---|---|---|

**Comptroller of Public Accounts**

**PO Box 149348**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Austin**     **TX**    **78714-9348**

**Basis for the claim:**

**Date or dates debt was incurred**

**Franchise Taxes**

**12/31/2020**

**Is the claim subject to offset?**

**Last 4 digits of account**
number   **9   3   7   3**

☑ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a)(   **8**   )

**Estimate - 2020 taxes not yet complete**

Debtor    **Master Tech Service Corp.**                                    Case number (if known)  **21-42102-elm**

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

3.    **List in alphabetical order all of the creditors with nonpriority unsecured claims.**  If more space is needed for nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $10,000.00 |
|---|---|---|---|

**1801 Holdings, LLC / ESPA Holdings LLC**

**1801 Royal Lane**

**Suite 405**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Dallas**                    **TX**        **75229**

Basis for the claim:  **Business Debt**

Date or dates debt was incurred    **3/2021**

Is the claim subject to offset?
☑ No
☐ Yes

Last 4 digits of account number    ___ ___ ___ ___

---

| 3.2 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $185,000.00 |
|---|---|---|---|

**American Express**

**Customer Care/Billing Inquiries**

**PO Box 981535**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**El Paso**                    **TX**        **79998-1535**

Basis for the claim:  **Business Debt**

Date or dates debt was incurred

Is the claim subject to offset?
☑ No
☐ Yes

Last 4 digits of account number    **1   0   0   3**

---

| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $390,000.00 |
|---|---|---|---|

**Charles Wells**

**2217 Clearsprings Drive South**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Irving**                    **TX**        **75063**

Basis for the claim:  **Business Debt**

Date or dates debt was incurred    **12/6/2018**

Is the claim subject to offset?
☑ No
☐ Yes

Last 4 digits of account number    ___ ___ ___ ___

---

| 3.4 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $51,925.34 |
|---|---|---|---|

**EMC Insurance**

**PO Box 219225**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Kansas City**                    **MO**        **64121-9225**

Basis for the claim:  **Business Debt**

Date or dates debt was incurred    **2/1/2021**

Is the claim subject to offset?
☑ No
☐ Yes

Last 4 digits of account number    **3   3   8   3**

**Commercial Insurance**

Debtor   **Master Tech Service Corp.**                              Case number (if known)   **21-42102-elm**

| **Part 2:** | **Additional Page** |
|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

Amount of claim

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $64,906.26 |
|---|---|---|---|

**Ferguson Enterprises 116287**

**PO Box 847411**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Dallas**                    **TX**      **75284-7411**

Basis for the claim:
**Business Debt**

Date or dates debt was incurred

Is the claim subject to offset?
- ☑ No
- ☐ Yes

Last 4 digits of account number      **6  2  8  7**

---

| 3.6 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $22,033.88 |
|---|---|---|---|

**IPFS Corp.**

**2777 Allen Parkway**

**Suite 550**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Houston**                    **TX**      **77019**

Basis for the claim:
**Business Debt**

Date or dates debt was incurred      **2/1/2021**

Is the claim subject to offset?
- ☑ No
- ☐ Yes

Last 4 digits of account number      **6  6  6  9**

**Commercial Insurance**

---

| 3.7 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $194,808.29 |
|---|---|---|---|

**Shearer Supply DFW 5276**

**PO Box 117206**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Carrollton**                    **TX**      **75011**

Basis for the claim:
**Business Debt**

Date or dates debt was incurred

Is the claim subject to offset?
- ☑ No
- ☐ Yes

Last 4 digits of account number      **5  2  7  6**

---

| 3.8 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $137,071.00 |
|---|---|---|---|

**Shearer Supply FP 8681**

**PO Box 117206**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Carrollton**                    **TX**      **75011**

Basis for the claim:
**Business Debt**

Date or dates debt was incurred

Is the claim subject to offset?
- ☑ No
- ☐ Yes

Last 4 digits of account number      **5  2  7  6**

| Debtor | **Master Tech Service Corp.** | Case number (if known) | **21-42102-elm** |
|---|---|---|---|

## Part 2:    Additional Page

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.  If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

Amount of claim

| 3.9 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is:<br>*Check all that apply.* | $18,322.60 |
|---|---|---|---|

**Shearer Supply WTX FP 8921**

**PO Box 117206**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

| **Carrollton** | **TX** | **75011** |
|---|---|---|

**Business Debt**

Date or dates debt was incurred

Is the claim subject to offset?

Last 4 digits of account number      **8   6   8   1**

☑ No
☐ Yes

| 3.10 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is:<br>*Check all that apply.* | $35,761.69 |
|---|---|---|---|

**Shearer Supply WXT 8921**

**PO Box 117206**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

| **Carrollton** | **TX** | **75011** |
|---|---|---|

**Business Debt**

Date or dates debt was incurred

Is the claim subject to offset?

Last 4 digits of account number      **8   6   8   1**

☑ No
☐ Yes

| 3.11 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is:<br>*Check all that apply.* | $3,617.60 |
|---|---|---|---|

**The Hanover Insurance Group**

**PO Box 580045**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

| **Charlotte** | **NC** | **28258-0045** |
|---|---|---|

**Business Debt**

Date or dates debt was incurred      2/1/2021

Is the claim subject to offset?

Last 4 digits of account number      **0   4   0   5**

☑ No
☐ Yes

**Worker's Compensation Insurance**

Debtor   **Master Tech Service Corp.**                        Case number (if known)   **21-42102-elm**

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4.  **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.**  Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   **If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page.  If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1   **CP LCF III, LLC** | Line _____ | **0  1  3  1** |
| **c/o MedRealty** | ☑ Not listed.  Explain: | |
| **14567 North Outer 40** | **Notice only** | |
| **Chesterfield        MO        63017** | | |
| **Office Lease** | | |
| 4.2   **Nimby Self Storage** | Line _____ | __ __ __ __ |
| **5301 Cholla Road** | ☑ Not listed.  Explain: | |
| | **Notice only** | |
| **Midland        TX        79706** | | |
| **Warehouse Lease** | | |

Debtor    **Master Tech Service Corp.**                          Case number (if known)  **21-42102-elm**

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |

5.    Add the amounts of priority and nonpriority unsecured claims.

|     |     | Total of claim amounts |
| --- | --- | --- |
| 5a. | **Total claims from Part 1** | 5a. $17,000.00 |
| 5b. | **Total claims from Part 2** | 5b. + $1,113,446.66 |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. $1,130,446.66 |

**Fill in this information to identify the case:**

Debtor name **Master Tech Service Corp.**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number **21-42102-elm**        Chapter **11**
(if known)

☐ Check if this is an
amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1.   **Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

2.   **List all contracts and unexpired leases**

State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | **Lease of premises located at 11496 Luna Road, Suite 450 & 500, Dallas, Texas 75234**<br>**Contract to be ASSUMED** | **CP LCF III, LLC**<br>**c/o MedRealty**<br>**14567 North Outer 40** |
|---|---|---|---|
| | State the term remaining | **39 payment(s)** | |
| | List the contract number of any government contract | | **Chesterfield**        **MO**        **63017** |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | **Warehouse Lease**<br>**Contract to be ASSUMED** | **Nimby Self Storage**<br>**5301 Cholla Road** |
| | State the term remaining | | |
| | List the contract number of any government contract | | **Midland**        **TX**        **79706** |

**Fill in this information to identify the case:**

Debtor name **Master Tech Service Corp.**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number **21-42102-elm**
(if known)

☐ Check if this is an
amended filing

## Official Form 206H

# Schedule H: Codebtors

12/15

Be as complete and accurate as possible.  If more space is needed, copy the Additional Page, numbering the entries consecutively.  Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☐ No.  Check this box and submit this form to the court with the debtor's other schedules.  Nothing else needs to be reported on this form.

   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.*** Include all guarantors and co-obligors.  In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed.  If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1:  **Codebtor** | | Column 2:  **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.1 | **Matthew P. Ecoff** | **6304 Sunrise Drive**<br>Number   Street<br><br>**North Richland Hills**   **TX**   **76182**<br>City   State   ZIP Code | **Home Trust Bank** | ☑ D<br>☐ E/F<br>☐ G |
| 2.2 | **Matthew P. Ecoff** | **6304 Sunrise Drive**<br>Number   Street<br><br>**North Richland Hills**   **TX**   **76182**<br>City   State   ZIP Code | **Ally** | ☑ D<br>☐ E/F<br>☐ G |
| 2.3 | **Matthew P. Ecoff** | **6304 Sunrise Drive**<br>Number   Street<br><br>**North Richland Hills**   **TX**   **76182**<br>City   State   ZIP Code | **Ally** | ☑ D<br>☐ E/F<br>☐ G |
| 2.4 | **Matthew P. Ecoff** | **6304 Sunrise Drive**<br>Number   Street<br><br>**North Richland Hills**   **TX**   **76182**<br>City   State   ZIP Code | **Chrysler Capital** | ☑ D<br>☐ E/F<br>☐ G |
| 2.5 | **Matthew P. Ecoff** | **6304 Sunrise Drive**<br>Number   Street<br><br>**North Richland Hills**   **TX**   **76182**<br>City   State   ZIP Code | **Chrysler Capital** | ☑ D<br>☐ E/F<br>☐ G |

Debtor    **Master Tech Service Corp.**      Case number (if known)   **21-42102-elm**

## Additional Page if Debtor Has More Codebtors

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| **2.6**   Matthew P. Ecoff | **6304 Sunrise Drive** <br> Number    Street <br><br> **North Richland Hills**    **TX**    **76182** <br> City      State   ZIP Code | **Chrysler Capital** | ☑ D <br> ☐ E/F <br> ☐ G |
| **2.7**   Matthew P. Ecoff | **6304 Sunrise Drive** <br> Number    Street <br><br> **North Richland Hills**    **TX**    **76182** <br> City      State   ZIP Code | **Home Trust Bank** | ☑ D <br> ☐ E/F <br> ☐ G |
| **2.8**   Matthew P. Ecoff | **6304 Sunrise Drive** <br> Number    Street <br><br> **North Richland Hills**    **TX**    **76182** <br> City      State   ZIP Code | **CP LCF III, LLC** | ☐ D <br> ☑ E/F <br> ☐ G |
| **2.9**   Matthew P. Ecoff | **6304 Sunrise Drive** <br> Number    Street <br><br> **North Richland Hills**    **TX**    **76182** <br> City      State   ZIP Code | **Wells Fargo Bank** | ☑ D <br> ☐ E/F <br> ☐ G |

**Fill in this information to identify the case:**

Debtor Name __**Master Tech Service Corp.**__

United States Bankruptcy Court for the: __**NORTHERN DISTRICT OF TEXAS**__

Case number (if known): __**21-42102-elm**__

☐ Check if this is an amended filing

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

12/15

### Part 1: Summary of Assets

1. **Schedule A/B: Assets--Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from Schedule A/B............................................................................................
    
    | $0.00 |

    1b. **Total personal property:**
    Copy line 91A from Schedule A/B..........................................................................................
    
    | $3,213,343.29 |

    1c. **Total of all property**
    Copy line 92 from Schedule A/B..............................................................................................
    
    | $3,213,343.29 |

### Part 2: Summary of Liabilities

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
    Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D.....................................
    
    | $2,500,602.05 |

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of Schedule E/F...............................................
    
    | $17,000.00 |

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F...............................................
    
    + | $1,113,446.66 |

4. **Total liabilities**
    Lines 2 + 3a + 3b...............................................................................................................................
    
    | $3,631,048.71 |

**Fill in this information to identify the case and this filing:**

Debtor Name    **Master Tech Service Corp.**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number   **21-42102-elm**
(if known)

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors
12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets--Real and Personal Property* (Official Form 206A/B)
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☑ *Schedule H: Codebtors* (Official Form 206H)
- ☑ *A Summary of Assets and Liabilities for Non-Individuals* (Official Form 206-Summary)
- ☐ Amended Schedule _____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **09/15/2021**     **X /s/ Matthew P. Ecoff** _____
      MM / DD / YYYY        Signature of individual signing on behalf of debtor

                                   **Matthew P. Ecoff**
                                   Printed name
                                   **President & CEO**
                                   Position or relationship to debtor

**CHAPTER 11 DEBTOR PROJECTIONS**
**Master Tech Service Corp**
11/30/2021

| | Class | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Month 6 | Month 7 | Month 8 | Month 9 | Month 10 | Month 11 | Month 12 | Month 13 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | | | |
| Commercial Income | | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 55,000.00 |
| New Systems & Retail Sales | | 30,000.00 | 62,000.00 | 178,000.00 | 92,000.00 | 188,000.00 | 155,000.00 | 177,000.00 | 166,000.00 | 111,000.00 | 55,000.00 | 142,000.00 | 107,000.00 | 33,000.00 |
| Service Agreements | | 1,600.00 | 400.00 | 1,700.00 | 2,700.00 | 1,600.00 | 3,800.00 | 0.00 | 1,200.00 | 360.00 | 2,400.00 | 3,300.00 | 1,700.00 | 1,800.00 |
| Warranty - Repairs / Service / Sales | | 201,000.00 | 200,000.00 | 218,000.00 | 360,000.00 | 564,000.00 | 664,000.00 | 477,000.00 | 488,000.00 | 474,000.00 | 229,000.00 | 180,000.00 | 118,000.00 | 221,100.00 |
| Legal Retainer | | 11,750.00 | | | | | | | | | | | | |
| Owner Contribution | | 30,000.00 | | | | | | | | | | | | |
| **NET INCOME** | | 324,350.00 | 312,400.00 | 447,700.00 | 504,700.00 | 803,600.00 | 872,800.00 | 704,400.00 | 705,200.00 | 635,360.00 | 336,400.00 | 375,300.00 | 276,700.00 | 310,900.00 |
| **EXPENSES** | | | | | | | | | | | | | | |
| COGS | | 102,000.00 | 75,000.00 | 227,000.00 | 221,000.00 | 444,000.00 | 325,000.00 | 313,000.00 | 297,000.00 | 289,000.00 | 160,000.00 | 209,000.00 | 147,000.00 | 112,200.00 |
| Advertising and Promotion | | 27,683.00 | 27,683.00 | 27,683.00 | 27,683.00 | 27,683.00 | 27,683.00 | 27,683.00 | 27,683.00 | 27,683.00 | 27,683.00 | 27,683.00 | 27,683.00 | 30,500.00 |
| Vehicle Fuel, Repairs & License | | 8,400.00 | 7,900.00 | 6,300.00 | 9,500.00 | 9,600.00 | 12,900.00 | 12,000.00 | 12,500.00 | 8,200.00 | 10,200.00 | 12,400.00 | 7,700.00 | 9,200.00 |
| Bank / Credit Card Fees | | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,300.00 |
| Building Utilities | | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 3,200.00 |
| Business Fees & Licenses | | 73.00 | 0.00 | 0.00 | 0.00 | 500.00 | 0.00 | 0.00 | 20.00 | 0.00 | 500.00 | 40.00 | 20.00 | 100.00 |
| Charitible Contributions | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Computer Equipment/Software | | 315.00 | 315.00 | 315.00 | 315.00 | 315.00 | 315.00 | 315.00 | 315.00 | 315.00 | 315.00 | 315.00 | 315.00 | 300.00 |
| Customer Financing Fees | | 3,700.00 | 2,000.00 | 2,200.00 | 13,000.00 | 16,000.00 | 18,000.00 | 17,000.00 | 12,000.00 | 4,600.00 | 2,700.00 | 4,300.00 | 3,000.00 | 4,100.00 |
| GL, WC, Umbrella, Auto Insurance, EE Benefits | | 23,340.00 | 23,340.00 | 23,340.00 | 23,340.00 | 23,340.00 | 23,340.00 | 23,340.00 | 23,340.00 | 23,340.00 | 23,340.00 | 23,340.00 | 23,340.00 | 25,700.00 |
| Interest Expense | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Meals & Entertainment | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mobile Tech for Field Techs & GPS | | 1,560.00 | 1,560.00 | 1,560.00 | 1,560.00 | 1,560.00 | 1,560.00 | 1,560.00 | 1,560.00 | 1,560.00 | 1,560.00 | 1,560.00 | 1,560.00 | 1,700.00 |
| Office Expense | | 950.00 | 2,000.00 | 5,100.00 | 2,600.00 | 1,000.00 | 2,300.00 | 2,600.00 | 900.00 | 3,300.00 | 700.00 | 2,500.00 | 1,300.00 | 1,000.00 |
| Payroll Expenses | | 98,725.31 | 83,507.42 | 89,875.05 | 97,356.44 | 228,973.04 | 232,176.25 | 200,160.48 | 139,678.03 | 150,125.43 | 153,381.80 | 124,492.86 | 159,525.67 | 108,600.00 |
| Payroll Overhead Fees (payroll taxes) | | 7,830.82 | 6,324.22 | 6,356.79 | 6,568.94 | 16,551.50 | 16,611.08 | 13,803.42 | 9,390.69 | 9,848.82 | 9,394.42 | 7,044.46 | 16,031.42 | 8,600.00 |
| Payroll Processing Fees | | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| Postage & Delivery | | 19.57 | 89.75 | 0.00 | 107.64 | 203.37 | 1,311.03 | 465.40 | 682.93 | 537.20 | 245.91 | 267.94 | 374.49 | 0.00 |
| Success Group International Fees | | 1,350.00 | 1,350.00 | 1,350.00 | 1,350.00 | 1,350.00 | 1,350.00 | 1,350.00 | 1,350.00 | 1,350.00 | 1,350.00 | 1,350.00 | 1,350.00 | 1,500.00 |
| Professional Fees | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Recruitment Expense | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Rent | | 3,763.00 | 3,763.00 | 7,000.00 | 3,763.00 | 3,763.00 | 3,763.00 | 3,763.00 | 3,763.00 | 4,300.00 | 3,763.00 | 3,763.00 | 4,800.00 | 4,100.00 |
| Repairs & Maintenance | | 249.77 | 0.00 | 300.00 | 1,700.00 | 200.00 | 0.00 | 700.00 | 0.00 | 1,000.00 | 500.00 | 500.00 | 0.00 | 300.00 |
| Small Tools & Equipment | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 43.19 | 113.08 | 0.00 |
| Team Building Expenses | | 0.00 | 0.00 | 0.00 | 0.00 | 1,030.24 | 0.00 | 211.90 | 0.00 | 2,402.23 | 0.00 | 0.00 | 0.00 | 0.00 |
| Telephone Expenses | | 1,204.83 | 1,100.00 | 1,400.00 | 1,100.00 | 1,500.00 | 1,400.00 | 2,100.00 | 2,000.00 | 2,000.00 | 500.00 | 1,400.00 | 1,400.00 | 1,300.00 |
| Tolls / Parking | | 1,680.00 | 1,700.00 | 1,700.00 | 1,700.00 | 2,200.00 | 2,800.00 | 2,900.00 | 3,400.00 | 2,800.00 | 2,600.00 | 2,600.00 | 2,600.00 | 1,800.00 |
| Tech Travel Between DFW & WTX | | 0.00 | 0.00 | 350.00 | 500.00 | 500.00 | 750.00 | 750.00 | 500.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Uniforms - Not uniform services | | 0.00 | 40.00 | 600.00 | 1,600.00 | 800.00 | 3,200.00 | 500.00 | 0.00 | 0.00 | 2,400.00 | 3,000.00 | 0.00 | 500.00 |
| **TOTAL EXPENSES** | | 287,244.30 | 242,072.39 | 406,829.84 | 419,143.42 | 785,469.15 | 678,859.36 | 628,602.20 | 538,982.65 | 539,661.68 | 406,133.13 | 426,999.39 | 403,012.66 | 315,800.00 |
| **PLAN PAYMENTS** | | | | | | | | | | | | | | |
| Allowed Administrative Claims | na | | 10,000.00 | 10,000.00 | | | | | | | | | | |
| Priority Claims (Texas Comptroller) | na | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 |
| Allowed Secured Claim of Carrollton-Farmers Branch ISD | 1 | 965.56 | | | | | | | | | | | | |
| Allowed Secured Claim of Dallas County | 2 | 859.70 | | | | | | | | | | | | |
| Allowed Secured Claim of Home Trust Bank (SBA loans) | 3 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 |
| Allowed Secured Claim of Home Trust Bank (line of credit) | 4 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 |
| Allowed Secured Claims of Chrysler Capital | 5 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 |
| Allowed Secured Claims of Ally Bank | 6 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 |
| Allowed Secured Claims of Wells Fargo Bank | 7 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 |
| Allowed Unsecured Claims | 8 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 |
| Interest Holders | 9 | | | | | | | | | | | | | |
| **TOTAL PLAN PAYMENTS** | | 34,539.50 | 42,714.23 | 42,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 |
| **NET INCOME** | | 2,566.20 | 27,613.38 | -1,844.07 | 52,842.35 | -14,583.38 | 161,226.41 | 43,083.57 | 133,503.12 | 62,984.09 | -102,447.36 | -84,413.62 | -159,026.89 | -37,614.23 |
| **CUMULATIVE INCOME** | | 2,566.20 | 30,179.58 | 28,335.52 | 81,177.87 | 66,594.49 | 227,820.90 | 270,904.47 | 404,407.59 | 467,391.68 | 364,944.32 | 280,530.70 | 121,503.81 | 83,889.58 |

# EXHIBIT "3"

| Month 14 | Month 15 | Month 16 | Month 17 | Month 18 | Month 19 | Month 20 | Month 21 | Month 22 | Month 23 | Month 24 | Month 25 | Month 26 | Month 27 | Month 28 | Month 29 | Month 30 | Month 31 | Month 32 | Month 33 | Month 34 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 60,500.00 | 60,500.00 | 60,500.00 | 60,500.00 | 60,500.00 | 60,500.00 | 60,500.00 | 60,500.00 | 60,500.00 | 60,500.00 |
| 68,200.00 | 195,800.00 | 101,200.00 | 206,800.00 | 170,500.00 | 194,700.00 | 182,600.00 | 122,100.00 | 60,500.00 | 156,200.00 | 117,700.00 | 36,300.00 | 75,000.00 | 215,400.00 | 111,300.00 | 227,500.00 | 187,600.00 | 214,200.00 | 200,900.00 | 134,300.00 | 66,600.00 |
| 400.00 | 1,900.00 | 3,000.00 | 1,800.00 | 4,200.00 | 1,900.00 | 1,300.00 | 400.00 | 2,600.00 | 3,000.00 | 1,900.00 | 2,000.00 | 400.00 | 2,100.00 | 3,000.00 | 2,000.00 | 4,600.00 | 400.00 | 1,400.00 | 400.00 | 2,900.00 |
| 220,000.00 | 239,800.00 | 396,000.00 | 620,400.00 | 730,400.00 | 524,700.00 | 536,800.00 | 521,400.00 | 251,900.00 | 198,000.00 | 129,800.00 | 243,200.00 | 242,000.00 | 263,800.00 | 435,600.00 | 682,400.00 | 803,400.00 | 577,200.00 | 590,500.00 | 573,500.00 | 277,100.00 |
| 343,600.00 | 492,500.00 | 555,200.00 | 884,000.00 | 960,100.00 | 774,800.00 | 775,700.00 | 698,900.00 | 370,000.00 | 412,800.00 | 304,400.00 | 342,000.00 | 377,900.00 | 541,800.00 | 610,700.00 | 972,400.00 | 1,056,100.00 | 852,300.00 | 853,300.00 | 768,700.00 | 407,100.00 |
| 82,500.00 | 249,700.00 | 243,100.00 | 488,400.00 | 357,500.00 | 344,300.00 | 326,700.00 | 317,900.00 | 176,000.00 | 229,900.00 | 161,700.00 | 123,400.00 | 90,800.00 | 274,700.00 | 267,400.00 | 537,200.00 | 393,300.00 | 378,700.00 | 359,400.00 | 349,700.00 | 193,600.00 |
| 30,500.00 | 30,500.00 | 30,500.00 | 30,500.00 | 30,500.00 | 30,500.00 | 30,500.00 | 30,500.00 | 30,500.00 | 30,500.00 | 30,500.00 | 30,500.00 | 33,600.00 | 33,600.00 | 33,600.00 | 33,600.00 | 33,600.00 | 33,600.00 | 33,600.00 | 33,600.00 | 33,600.00 |
| 8,700.00 | 6,900.00 | 10,500.00 | 10,600.00 | 14,200.00 | 13,200.00 | 13,800.00 | 9,000.00 | 11,200.00 | 13,600.00 | 8,500.00 | 10,100.00 | 9,600.00 | 7,600.00 | 11,600.00 | 11,700.00 | 15,600.00 | 14,500.00 | 15,200.00 | 9,900.00 | 12,300.00 |
| 1,300.00 | 1,300.00 | 1,300.00 | 1,300.00 | 1,300.00 | 1,300.00 | 1,300.00 | 1,300.00 | 1,300.00 | 1,300.00 | 1,300.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 |
| 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 |
| 0.00 | 0.00 | 0.00 | 600.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 600.00 | 0.00 | 100.00 | 0.00 | 0.00 | 0.00 | 700.00 | 0.00 | 0.00 | 0.00 | 0.00 | 700.00 |
| 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| 2,200.00 | 2,400.00 | 14,300.00 | 17,600.00 | 19,800.00 | 18,700.00 | 13,200.00 | 5,100.00 | 3,000.00 | 4,700.00 | 3,300.00 | 4,500.00 | 2,400.00 | 2,600.00 | 15,700.00 | 19,400.00 | 21,800.00 | 20,600.00 | 14,500.00 | 5,600.00 | 3,300.00 |
| 25,700.00 | 25,700.00 | 25,700.00 | 25,700.00 | 25,700.00 | 25,700.00 | 25,700.00 | 25,700.00 | 25,700.00 | 25,700.00 | 25,700.00 | 28,300.00 | 28,300.00 | 28,300.00 | 28,300.00 | 28,300.00 | 28,300.00 | 28,300.00 | 28,300.00 | 28,300.00 | 28,300.00 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 1,700.00 | 1,700.00 | 1,700.00 | 1,700.00 | 1,700.00 | 1,700.00 | 1,700.00 | 1,700.00 | 1,700.00 | 1,700.00 | 1,700.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 |
| 2,200.00 | 5,600.00 | 2,900.00 | 1,100.00 | 2,500.00 | 2,900.00 | 1,000.00 | 3,600.00 | 800.00 | 2,800.00 | 1,400.00 | 1,100.00 | 2,400.00 | 6,200.00 | 3,200.00 | 1,200.00 | 2,800.00 | 3,200.00 | 1,100.00 | 4,000.00 | 900.00 |
| 91,900.00 | 98,900.00 | 107,100.00 | 251,900.00 | 255,400.00 | 220,200.00 | 153,600.00 | 165,100.00 | 168,700.00 | 136,900.00 | 175,500.00 | 119,500.00 | 101,100.00 | 108,800.00 | 117,800.00 | 277,100.00 | 280,900.00 | 242,200.00 | 169,000.00 | 181,600.00 | 185,600.00 |
| 7,000.00 | 7,000.00 | 7,200.00 | 18,200.00 | 18,300.00 | 15,200.00 | 10,300.00 | 10,800.00 | 10,300.00 | 7,700.00 | 17,600.00 | 9,500.00 | 7,700.00 | 7,700.00 | 7,900.00 | 20,000.00 | 20,100.00 | 16,700.00 | 11,300.00 | 11,900.00 | 11,300.00 |
| 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 0.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| 100.00 | 100.00 | 100.00 | 200.00 | 1,400.00 | 500.00 | 800.00 | 600.00 | 300.00 | 300.00 | 300.00 | 400.00 | 0.00 | 100.00 | 0.00 | 200.00 | 1,500.00 | 600.00 | 900.00 | 700.00 | 300.00 |
| 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,700.00 | 1,700.00 | 1,700.00 | 1,700.00 | 1,700.00 | 1,700.00 | 1,700.00 | 1,700.00 | 1,700.00 | 1,700.00 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 4,100.00 | 7,700.00 | 4,100.00 | 4,100.00 | 4,100.00 | 4,100.00 | 4,100.00 | 4,700.00 | 4,100.00 | 4,100.00 | 5,300.00 | 4,500.00 | 4,500.00 | 8,500.00 | 4,500.00 | 4,500.00 | 4,500.00 | 4,500.00 | 4,500.00 | 5,200.00 | 4,500.00 |
| 0.00 | 300.00 | 1,900.00 | 200.00 | 0.00 | 0.00 | 800.00 | 0.00 | 1,100.00 | 600.00 | 600.00 | 0.00 | 300.00 | 0.00 | 0.00 | 300.00 | 2,100.00 | 200.00 | 0.00 | 900.00 | 700.00 |
| 0.00 | 0.00 | 0.00 | 1,100.00 | 0.00 | 0.00 | 200.00 | 0.00 | 2,600.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,200.00 | 0.00 | 200.00 | 0.00 | 2,900.00 |
| 1,200.00 | 1,500.00 | 1,200.00 | 1,700.00 | 1,500.00 | 3,200.00 | 600.00 | 2,200.00 | 600.00 | 1,500.00 | 1,500.00 | 1,400.00 | 1,300.00 | 1,700.00 | 1,300.00 | 1,300.00 | 1,700.00 | 2,500.00 | 700.00 | 2,400.00 | 700.00 |
| 1,900.00 | 1,900.00 | 1,900.00 | 2,400.00 | 3,100.00 | 3,200.00 | 3,700.00 | 3,100.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,000.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,600.00 | 3,400.00 | 3,500.00 | 4,100.00 | 3,400.00 | 3,200.00 |
| 0.00 | 400.00 | 600.00 | 600.00 | 800.00 | 800.00 | 600.00 | 600.00 | 0.00 | 0.00 | 600.00 | 0.00 | 0.00 | 0.00 | 400.00 | 700.00 | 700.00 | 900.00 | 900.00 | 700.00 | 700.00 |
| 0.00 | 700.00 | 1,800.00 | 900.00 | 3,500.00 | 600.00 | 0.00 | 0.00 | 2,600.00 | 3,300.00 | 0.00 | 600.00 | 0.00 | 0.00 | 800.00 | 2,000.00 | 1,000.00 | 3,900.00 | 700.00 | 0.00 | 3,600.00 |
| 266,300.00 | 447,500.00 | 461,200.00 | 864,100.00 | 746,600.00 | 691,500.00 | 592,900.00 | 593,500.00 | 446,900.00 | 469,500.00 | 443,300.00 | 347,400.00 | 293,000.00 | 492,400.00 | 507,400.00 | 950,600.00 | 821,400.00 | 760,700.00 | 652,400.00 | 653,100.00 | 491,700.00 |
| 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 |
| 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 |
| 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 |
| 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 |
| 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 |
| 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 |
| 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 |
| 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 |
| 44,585.77 | 12,285.77 | 61,285.77 | -12,814.23 | 180,785.77 | 50,585.77 | 150,085.77 | 72,685.77 | -109,614.23 | -89,414.23 | -171,614.23 | -38,114.23 | 52,185.77 | 16,685.77 | 70,585.77 | -10,914.23 | 201,985.77 | 58,855.77 | 168,185.77 | 82,885.77 | -117,314.23 |
| 128,475.35 | 140,761.13 | 202,046.90 | 189,232.67 | 370,018.44 | 420,604.21 | 570,689.98 | 643,375.75 | 533,761.52 | 444,347.29 | 272,733.06 | 234,618.83 | 286,804.60 | 303,490.38 | 374,076.15 | 363,161.92 | 565,147.69 | 624,033.46 | 792,219.23 | 875,105.00 | 757,790.77 |

| Month 35 | Month 36 | Month 37 | Month 38 | Month 39 | Month 40 | Month 41 | Month 42 | Month 43 | Month 44 | Month 45 | Month 46 | Month 47 | Month 48 | Month 49 | Month 50 | Month 51 | Month 52 | Month 53 | Month 54 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 60,500.00 | 60,500.00 | 66,600.00 | 66,600.00 | 66,600.00 | 66,600.00 | 66,600.00 | 66,600.00 | 66,600.00 | 66,600.00 | 66,600.00 | 66,600.00 | 66,600.00 | 66,600.00 | 73,300.00 | 73,300.00 | 73,300.00 | 73,300.00 | 73,300.00 | 73,300.00 |
| 171,800.00 | 129,500.00 | 39,900.00 | 82,500.00 | 236,900.00 | 122,400.00 | 250,300.00 | 206,400.00 | 235,600.00 | 221,000.00 | 147,700.00 | 73,300.00 | 189,000.00 | 142,500.00 | 43,900.00 | 90,800.00 | 260,600.00 | 134,600.00 | 275,300.00 | 227,000.00 |
| 4,000.00 | 2,100.00 | 2,200.00 | 400.00 | 2,300.00 | 3,600.00 | 2,200.00 | 5,100.00 | 400.00 | 1,500.00 | 400.00 | 3,200.00 | 4,400.00 | 2,300.00 | 2,400.00 | 400.00 | 2,500.00 | 4,000.00 | 2,400.00 | 5,600.00 |
| 217,800.00 | 142,800.00 | 267,500.00 | 266,200.00 | 290,200.00 | 479,200.00 | 750,600.00 | 883,700.00 | 634,900.00 | 649,600.00 | 630,900.00 | 304,800.00 | 239,600.00 | 157,100.00 | 294,300.00 | 292,800.00 | 319,200.00 | 527,100.00 | 825,500.00 | 972,100.00 |
| 454,100.00 | 334,900.00 | 376,200.00 | 415,700.00 | 596,000.00 | 671,800.00 | 1,069,700.00 | 1,161,800.00 | 937,500.00 | 938,700.00 | 845,600.00 | 447,900.00 | 499,600.00 | 368,500.00 | 413,900.00 | 457,300.00 | 655,600.00 | 739,000.00 | 1,176,700.00 | 1,278,000.00 |
| 252,900.00 | 177,900.00 | 135,700.00 | 99,900.00 | 302,200.00 | 294,100.00 | 590,900.00 | 432,600.00 | 416,600.00 | 395,300.00 | 384,700.00 | 213,000.00 | 278,200.00 | 195,700.00 | 149,300.00 | 109,900.00 | 332,400.00 | 323,500.00 | 650,000.00 | 475,900.00 |
| 33,600.00 | 33,600.00 | 37,000.00 | 37,000.00 | 37,000.00 | 37,000.00 | 37,000.00 | 37,000.00 | 37,000.00 | 37,000.00 | 37,000.00 | 37,000.00 | 37,000.00 | 37,000.00 | 40,700.00 | 40,700.00 | 40,700.00 | 40,700.00 | 40,700.00 | 40,700.00 |
| 15,000.00 | 9,400.00 | 11,000.00 | 10,600.00 | 8,400.00 | 12,800.00 | 12,900.00 | 17,200.00 | 16,700.00 | 16,700.00 | 10,900.00 | 13,500.00 | 16,500.00 | 10,300.00 | 12,200.00 | 11,700.00 | 9,200.00 | 14,100.00 | 14,200.00 | 18,900.00 |
| 1,400.00 | 1,400.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,700.00 | 1,700.00 | 1,700.00 | 1,700.00 | 1,700.00 | 1,700.00 |
| 3,500.00 | 3,500.00 | 3,900.00 | 3,900.00 | 3,900.00 | 3,900.00 | 3,900.00 | 3,900.00 | 3,900.00 | 3,900.00 | 3,900.00 | 3,900.00 | 3,900.00 | 3,900.00 | 4,300.00 | 4,300.00 | 4,300.00 | 4,300.00 | 4,300.00 | 4,300.00 |
| 0.00 | 0.00 | 100.00 | 0.00 | 0.00 | 0.00 | 800.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 800.00 | 0.00 | 100.00 | 0.00 | 0.00 | 0.00 | 900.00 | 0.00 |
| 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| 5,200.00 | 3,600.00 | 5,000.00 | 2,600.00 | 2,900.00 | 17,300.00 | 21,300.00 | 24,000.00 | 22,700.00 | 16,000.00 | 6,200.00 | 3,600.00 | 5,700.00 | 4,000.00 | 5,500.00 | 2,900.00 | 3,200.00 | 19,000.00 | 23,400.00 | 26,400.00 |
| 28,300.00 | 28,300.00 | 31,100.00 | 31,100.00 | 31,100.00 | 31,100.00 | 31,100.00 | 31,100.00 | 31,100.00 | 31,100.00 | 31,100.00 | 31,100.00 | 31,100.00 | 31,100.00 | 34,200.00 | 34,200.00 | 34,200.00 | 34,200.00 | 34,200.00 | 34,200.00 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 1,900.00 | 1,900.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 |
| 3,100.00 | 1,500.00 | 1,200.00 | 2,600.00 | 6,800.00 | 3,500.00 | 1,300.00 | 3,100.00 | 3,500.00 | 1,200.00 | 4,400.00 | 1,000.00 | 3,400.00 | 1,700.00 | 1,300.00 | 2,900.00 | 7,500.00 | 3,900.00 | 1,400.00 | 3,400.00 |
| 150,600.00 | 193,100.00 | 131,500.00 | 111,200.00 | 119,700.00 | 129,600.00 | 304,800.00 | 309,000.00 | 266,400.00 | 185,900.00 | 199,800.00 | 204,200.00 | 165,700.00 | 212,400.00 | 144,700.00 | 122,300.00 | 131,700.00 | 142,600.00 | 335,300.00 | 339,900.00 |
| 8,500.00 | 19,400.00 | 10,500.00 | 8,500.00 | 8,500.00 | 8,700.00 | 22,000.00 | 22,100.00 | 18,400.00 | 12,400.00 | 13,100.00 | 12,400.00 | 9,400.00 | 21,300.00 | 11,600.00 | 9,400.00 | 9,400.00 | 9,600.00 | 24,200.00 | 24,300.00 |
| 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 100.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| 300.00 | 400.00 | 0.00 | 100.00 | 0.00 | 100.00 | 200.00 | 1,700.00 | 700.00 | 1,000.00 | 800.00 | 300.00 | 300.00 | 400.00 | 0.00 | 100.00 | 0.00 | 100.00 | 200.00 | 1,900.00 |
| 1,700.00 | 1,700.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 4,500.00 | 5,800.00 | 5,000.00 | 5,000.00 | 9,400.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,700.00 | 5,000.00 | 5,000.00 | 6,400.00 | 5,500.00 | 5,500.00 | 10,300.00 | 5,500.00 | 5,500.00 | 5,500.00 |
| 700.00 | 0.00 | 300.00 | 0.00 | 300.00 | 2,300.00 | 200.00 | 0.00 | 1,000.00 | 0.00 | 1,300.00 | 800.00 | 800.00 | 0.00 | 300.00 | 0.00 | 300.00 | 2,500.00 | 200.00 | 0.00 |
| 0.00 | 100.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,300.00 | 0.00 | 200.00 | 0.00 | 0.00 | 3,200.00 | 0.00 | 0.00 | 100.00 | 0.00 | 0.00 | 0.00 | 1,400.00 | 0.00 |
| 1,700.00 | 1,700.00 | 1,500.00 | 1,400.00 | 1,900.00 | 1,400.00 | 2,100.00 | 1,900.00 | 2,800.00 | 800.00 | 2,600.00 | 800.00 | 1,900.00 | 1,900.00 | 1,700.00 | 1,500.00 | 2,100.00 | 1,500.00 | 2,300.00 | 2,100.00 |
| 3,200.00 | 3,200.00 | 2,200.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,900.00 | 3,700.00 | 3,900.00 | 4,500.00 | 3,700.00 | 3,500.00 | 3,500.00 | 3,500.00 | 2,400.00 | 2,500.00 | 2,500.00 | 2,500.00 | 3,200.00 | 4,100.00 |
| 0.00 | 0.00 | 0.00 | 0.00 | 400.00 | 800.00 | 1,000.00 | 1,000.00 | 1,000.00 | 800.00 | 0.00 | 800.00 | 0.00 | 0.00 | 0.00 | 0.00 | 400.00 | 900.00 | 1,100.00 | 1,100.00 |
| 0.00 | 700.00 | 0.00 | 0.00 | 900.00 | 2,200.00 | 1,100.00 | 4,300.00 | 800.00 | 0.00 | 3,200.00 | 4,000.00 | 0.00 | 800.00 | 0.00 | 0.00 | 1,000.00 | 2,400.00 | 1,200.00 | 4,700.00 |
| 516,700.00 | 487,800.00 | 382,200.00 | 322,300.00 | 541,800.00 | 558,200.00 | 1,045,700.00 | 903,700.00 | 837,100.00 | 717,700.00 | 718,500.00 | 541,000.00 | 568,500.00 | 536,600.00 | 420,500.00 | 354,600.00 | 595,900.00 | 614,000.00 | 1,150,200.00 | 994,100.00 |
| 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 |
| 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 |
| 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 |
| 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 |
| 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 |
| 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 |
| 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 |
| 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 |
| -95,314.23 | -185,614.23 | -38,714.23 | 60,685.77 | 21,485.77 | 80,885.77 | -8,714.23 | 225,385.77 | 67,685.77 | 188,285.77 | 94,385.77 | -125,814.23 | -101,614.23 | -200,814.23 | -39,314.23 | 69,985.77 | 26,985.77 | 92,285.77 | -6,214.23 | 251,185.77 |
| 662,476.54 | 476,862.31 | 438,148.08 | 498,833.85 | 520,319.63 | 601,205.40 | 592,491.17 | 817,876.94 | 885,562.71 | 1,073,848.48 | 1,168,234.25 | 1,042,420.02 | 940,805.79 | 739,991.56 | 700,677.33 | 770,663.10 | 797,648.88 | 889,934.65 | 883,720.42 | 1,134,906.19 |

| Month 55 | Month 56 | Month 57 | Month 58 | Month 59 | Month 60 |
|---|---|---|---|---|---|
| 73,300.00 | 73,300.00 | 73,300.00 | 73,300.00 | 73,300.00 | 73,300.00 |
| 259,200.00 | 243,100.00 | 162,500.00 | 80,600.00 | 207,900.00 | 156,800.00 |
| 400.00 | 1,700.00 | 400.00 | 3,500.00 | 4,800.00 | 2,500.00 |
| 698,400.00 | 714,600.00 | 694,000.00 | 335,300.00 | 263,600.00 | 172,800.00 |
| | | | | | |
| 1,031,300.00 | 1,032,700.00 | 930,200.00 | 492,700.00 | 549,600.00 | 405,400.00 |
| | | | | | |
| 458,300.00 | 434,800.00 | 423,200.00 | 234,300.00 | 306,000.00 | 215,300.00 |
| 40,700.00 | 40,700.00 | 40,700.00 | 40,700.00 | 40,700.00 | 40,700.00 |
| 17,600.00 | 18,400.00 | 12,000.00 | 14,900.00 | 18,200.00 | 11,300.00 |
| 1,700.00 | 1,700.00 | 1,700.00 | 1,700.00 | 1,700.00 | 1,700.00 |
| 4,300.00 | 4,300.00 | 4,300.00 | 4,300.00 | 4,300.00 | 4,300.00 |
| 0.00 | 0.00 | 0.00 | 900.00 | 0.00 | 0.00 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| 25,000.00 | 17,600.00 | 6,800.00 | 4,000.00 | 6,300.00 | 4,400.00 |
| 34,200.00 | 34,200.00 | 34,200.00 | 34,200.00 | 34,200.00 | 34,200.00 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 |
| 3,900.00 | 1,300.00 | 4,800.00 | 1,100.00 | 3,700.00 | 1,900.00 |
| 293,000.00 | 204,500.00 | 219,800.00 | 224,600.00 | 182,300.00 | 233,600.00 |
| 20,200.00 | 13,600.00 | 14,400.00 | 13,600.00 | 10,300.00 | 23,400.00 |
| 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| 800.00 | 1,100.00 | 900.00 | 300.00 | 300.00 | 400.00 |
| 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 5,500.00 | 5,500.00 | 6,300.00 | 5,500.00 | 5,500.00 | 7,000.00 |
| 1,100.00 | 0.00 | 1,400.00 | 900.00 | 900.00 | 0.00 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 |
| 200.00 | 0.00 | 3,500.00 | 0.00 | 0.00 | 0.00 |
| 3,100.00 | 900.00 | 2,900.00 | 900.00 | 2,100.00 | 2,100.00 |
| 4,300.00 | 5,000.00 | 4,100.00 | 3,900.00 | 3,900.00 | 3,900.00 |
| 1,100.00 | 900.00 | 900.00 | 0.00 | 0.00 | 0.00 |
| 900.00 | 0.00 | 3,500.00 | 4,400.00 | 0.00 | 900.00 |
| 920,900.00 | 789,500.00 | 790,400.00 | 595,200.00 | 625,400.00 | 590,200.00 |
| | | | | | |
| 433.50 | 433.50 | 433.50 | 433.50 | 433.50 | 433.50 |
| | | | | | |
| 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 | 21,386.04 |
| | | | | | |
| 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 | 3,712.07 |
| 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 | 1,298.68 |
| 974.00 | 974.00 | 974.00 | 974.00 | 974.00 | 974.00 |
| 268.16 | 268.16 | 268.16 | 268.16 | 268.16 | 268.16 |
| 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 | 4,641.78 |
| | | | | | |
| 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 | 32,714.23 |
| 77,685.77 | 210,485.77 | 107,085.77 | -135,214.23 | -108,514.23 | -217,514.23 |
| 1,212,591.96 | 1,423,077.73 | 1,530,163.50 | 1,394,949.27 | 1,286,435.04 | 1,068,920.81 |